James P. MITCHELL, Secretary of Labor, United States Department of Labor, Appellant,

v.

VAGABOND COACH MANUFACTURING COMPANY, Appellee.

No. 12677.

United States Court of Appeals Sixth Circuit.

June 8, 1956.

Sylvia Ellison, Washington, D. C., Stuart Rothman, Bessie Margolin, and Eugene R. Jackson, Washington, D. C., Aaron A. Caghan, Cleveland, Ohio, on brief, for appellant.

Kit F. Clardy, Lansing, Mich., for appellee.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

PER CURIAM.

This action was brought in the district court to enjoin the appellee from violating the Fair Labor Standards Act of 1938 as amended, 29 U.S.C.A. § 201 et seq., by failing to pay its employees time and one-half compensation for hours worked in excess of forty hours a week. The appellee denied any violation of the statute, asserting that its compensation plan was in conformity with the law and administrative interpretations.

The district court found that the compensation plan in issue had been abandoned, and that there was no showing of any likelihood of its resumption. Under the circumstances the court in the exercise of its discretion concluded that no injunction should issue, "even if the determination be that defendant was in violation." The court retained jurisdiction, noting "In the event that in the future plaintiff deems it necessary to seek an injunction on the basis of what appear to be renewed violations by this defendant, this Court is not without power to re-open this case and to consider the entire record herein, insofar as any practice of defendant is identical or akin to that which is the subject matter of this suit."

It is the appellant's position that the district court was obligated to determine the legality of the compensation plan in question, despite its determination that no injunction should issue in any event. The appellant relies upon a line of decisions, typified by Fleming v. Cincinnati Union Terminal Co., 6 Cir., 1941, 117 F. 2d 1012, in this court, recognizing that the discontinuance of an alleged illegal practice by a defendant after the institution of proceedings against him by a government agency to enjoin the practice, does not render the controversy moot.

Here, however, the district court expressly stated, "We are not deciding that the issue is moot * * *." The court did not dismiss the complaint out of hand but reserved continuing jurisdiction in the event of the resumption by the appellee of a compensation plan identical or similar to the one in question.

In our opinion the court's order was not in error, and it is hereby affirmed