James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

SKY TOP COAL COMPANY, Inc., Defendant.

Civ. A. No. 26837.

United States District Court
E. D. Pennsylvania.

March 4, 1960.

Ernest N. Votaw, Regional Atty., Chambersburg, Pa., Louis Weiner, Havertown, Pa., for plaintiff.

Fred L. Pace, Noonan & Pace, Mahanoy City, Pa., for defendant.

GRIM, District Judge.

Plaintiff has moved to strike a portion of defendant's answer in this action under the Fair Labor Standards Act, as amended, 29 U.S.C.A. § 201 et seq., for minimum wages and overtime pay claimed to be payable to defendant's former employee Charles Dennis.

In the answer, in addition to asserting the defense that Dennis was exempt as a "bona fide executive and administrative employee", defendant pleads a release executed by Dennis. Plaintiff has moved to strike this second defense on the ground that it is "immaterial, impertinent, inappropriate, and legally insufficient to constitute a defense."

Defendant employed Dennis as "Night Supervisor" under a written agreement dated February 28, 1956, which was to "be in effect from the First day of March, 1956, until it is terminated by the Company at any time upon one week's notice, or upon the mutual consent of the parties."

The release is as follows:

"This Mutual Release Made this 1st day of March, 1959, between Skytop Coal Company, Inc., a Pennsylvania corporation and Charles Dennis, designated as Employee under contract of February 28, 1956.

"Whereas, the parties hereto made, executed and delivered a certain Contract of Employment at Skytop Coal Company, Inc., and

"Whereas, the parties desire to have said contract terminated and to release each other from all obligations provided in said contract.

"Now Therefore, each of the parties hereto releases and forever discharges the other party hereto and their respective heirs, from all debts, claims, demands, actions and causes of action whatsoever.

"In Witness Whereof, the parties hereto have hereunto set their hands and seals the day and year first above written.

"Witness:

"Skytop Coal Company, Inc.
    "Daniel Pereira        Charles Dennis (Seal)
    "Daniel Pereira, Secretary     Charles Dennis"

██ While there may be some question as to whether the release is drawn broadly enough to comprehend Dennis' statutory rights to compensation,[1] it is clear that an employee cannot effectively compromise, waive, or release his rights under the Act even where a bona fide dispute exists as to whether the employee is covered by the Act. D. A. Schulte, Inc. v. Gangi, 1946, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114. To hold otherwise would thwart "the public policy of minimum wages, promptly paid" (328 U.S. at page 116, 66 S.Ct. at page 929), particularly in this case, where defendant paid no money in consideration for the release.

██ The release, therefore, is not a legally sufficient defense and plaintiff's motion to strike that defense will be granted.

---

[1] " * * * Words of general application used in a release, which follow a specific recital of the subject matter concerned, are not to be given their broadest significance but will be restricted to the particular matters referred to in the recital." Lancaster Trust Company v. Engle, 1940, 337 Pa. 176, 182, 10 A.2d 381, 384.