**James D. HODGSON, Secretary of Labor, Plaintiff,**

v.

**Ferrell L. PRIOR, Individually and doing business as Prior Oil Company, Defendant.**

**Civ. A. No. 67–366.**

United States District Court,
S. D. Ohio, E. D.

March 1, 1972.

T. J. Pethia, Trial Atty., U. S. Dept. of Labor, Cleveland, Ohio, for plaintiff; Richard F. Schubert, Solicitor of Labor,

U. S. Dept. of Labor, Washington, D. C., A. A. Caghan, W. S. Kloepfer, Attys., Dept. of Labor, Cleveland, Ohio, of counsel.

Orville L. Hardman, Parkersburg, W. Va., James Shumaker, Nelsonville, Ohio, for defendant.

## OPINION AND ORDER

KINNEARY, District Judge.

This action was brought by the Secretary of Labor to enjoin the defendant from violating the provisions of the Fair Labor Standards Act, Title 29, United States Code, Section 201 et seq. Plaintiff alleges that the defendant was acting in violation of the provisions of Title 29, United States Code, Section 215(a) (1), (2), and (5).

The jurisdiction of this Court is invoked under the provisions of Title 29, United States Code, Section 217.

This action was tried to the Court. Pursuant to the provisions of Rule 52, Federal Rules of Civil Procedure, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. In the period since September 5, 1965, to a time after the commencement of this action, the defendant Ferrell L. Prior was a resident of the State of Ohio and doing business as the Prior Oil Company, engaged in the production of oil and gas for shipment in interstate commerce within the meaning of the Fair Labor Standards Act.

2. The defendant engaged the following persons for the periods set out after their respective names as "pumpers" in the operation, servicing and maintenance of certain of defendant's wells and related facilities located in West Virginia:

| William Cecil Boggess | 10–22–66 to 12–16–67 |
| George W. Friend | 9– 5–65 to 10–22–66 |
| | 12– 8–66 to 12–22–66 |
| James Mace | 11– 5–66 to 4–22–67 |
| Clem L. Murphy, Jr. | 11–28–65 to 8– 6–66 |
| Ercil K. Riddle | 11– 6–66 to 12–23–67 |
| John H. Underwood | 4–22–67 to 12–23–67 |

3. Each of the above named persons received a monthly salary from the defendant covering all work performed by them as pumpers. The salary was paid on a bi-weekly basis; that is, the weekly equivalent of the monthly salary was paid every two weeks for the two preceding work weeks.

4. Prior to the work week ending January 6, 1967, the defendant maintained no records of either the daily or weekly total hours worked by any of the persons named in paragraph 2 above.

5. Starting with the work week ending January 6, 1967, the defendant commenced to maintain records of daily and weekly total hours worked by William Cecil Boggess, James Mace, Ercil K. Riddle and John H. Underwood.

6. James Blaschak, a Wage Hour Compliance Officer for the Department of Labor, estimated the hours of overtime worked by each of the individuals named in paragraph 2 prior to the time the defendant began to keep adequate records. Mr. Blaschak's estimate is supported by the testimony at trial of George W. Friend, Clem L. Murphy, Jr. and Ercil K. Riddle. His estimates are also supported by the employment records which the defendant kept after January 1, 1967.

7. Based on the estimates of James Blaschak for the period prior to January 1, 1967, and based on the records kept by the defendant after January 1, 1967, the Court finds that the defendant failed to compensate the persons listed in paragraph 2 at one and one-half times their hourly rate for all hours worked in excess of a forty hour work week, and these individuals are owed the following amounts as overtime compensation:

| George W. Friend | $368.50 |
| James Mace | 192.02 |
| Clem L. Murphy, Jr. | 170.42 |
| William Cecil Boggess | 65.17 |
| John H. Underwood | 209.32 |
| Ercil K. Riddle | 300.84 |

8. From the work week ending December 4, 1965, through the work week ending April 16, 1966, a period of twen-

ty weeks, Clem L. Murphy, Jr. was paid less than the $1.25 per hour minimum wage. An amount of $46.20 is due Clem L. Murphy, Jr. in addition to the amount indicated in paragraph 7.

*Conclusions of Law*

1. The failure to compensate the persons named in paragraph 2 of the Findings of Fact at one and one-half times their hourly rate for all hours worked in excess of forty hours per week is a violation of the provisions of Title 29, United States Code, Section 207, and such violation is prohibited by Title 29, United States Code, Section 215(a) (2).

2. The failure to compensate Clem L. Murphy, Jr. at a rate equal to the minimum hourly wage is a violation of the provisions of Title 29, United States Code, Section 206, and is prohibited by the provisions of Title 29, United States Code, Section 215(a) (2).

3. The defendant's failure to keep adequate records of hours worked prior to January 1, 1967 was in violation of the provisions of Title 29, United States Code, Section 211(c) and is prohibited by the provisions of Title 29, United States Code, Section 215(a) (5).

4. The shipment in interstate commerce of the oil and gas produced by the employees named in paragraph 2 of the Findings of Fact was in violation of and prohibited by the provisions of Title 29, United States Code, Section 215(a) (1).

■ 5. The method for computing the overtime compensation due the employees named in paragraph 2 of the Findings of Fact is mandated by the provisions of 29 C.F.R. 778.113 and 778.114. In making the computations to arrive at the amounts owed to the various employees, the wage and hour compliance officer, James Blaschak, utilized a "coefficient" table, prepared and issued by the Wage and Hour Division of the United States Department of Labor. This table enables the investigator to utilize a shorthand method to arrive at the overtime wages due an employee. The Court judicially notices the coefficient table and concludes, as a matter of law, that the utilization of the table as adequate to determine the amount of overtime compensation due an employee.

■ 6. Releases given by an employee to an employer by which the employee purports to surrender any claims for overtime compensation do not constitute a defense to noncompliance to the provisions of the Fair Labor Standards Act. Mitchell v. Sky Top Coal Co., 181 F.Supp. 899 (E.D.Pa.1960); Bingham v. Airport Limousine Service, 314 F.Supp. 565, 572 (W.D.Ark.1970), and cases cited therein.

■ 7. The need to enjoin the defendant from further violations of the Fair Labor Standards Act has not been rendered moot by the fact that the defendant no longer uses his own employees in the production of oil and gas. The testimony was that the defendant is still in the oil and gas business. However, at this time he uses independent contractors to produce the oil and gas wells. Voluntary discontinuance of an alleged illegal activity does not operate to remove a case from the ambit of judicial power. Walling v. Helmerich and Payne, 323 U.S. 37, 43, 65 S.Ct. 11, 89 L.Ed. 29 (1944). The testimony in this case indicated a great reluctance on the part of the defendant to conform his pay practices to the requirements of the Fair Labor Standards Act. Indeed, as late in the investigation of this case as November, 1967, the defendant began to allocate the amount paid to his employees to three catagories. First, an amount equal to the minimum wage for a forty hour work week; second, an amount equal to one and one-half times the minimum hourly wage for all hours worked in excess of forty hours per week; and third, an amount which the defendant called a guarantee, which would bring the total wages paid to the individual up to his former monthly rate.

It was the defendant's contention that this scheme brought him into compliance with the provisions of the Fair Labor Standards Act. This arrangement, however, did not reflect the realities of the situation in terms of an underlying agreement between the defenant-employer and the employees. The employees were receiving the same amount of compensation each month regardless of the number of hours worked. The break down of the monthly payments into the categories enumerated will not bring the employer into compliance with the Fair Labor Standards Act. See, Triple "AAA" Co. v. Wirtz, 378 F.2d 884, 886 (10th Cir. 1967), and the cases cited therein. See, 29 C.F.R. 778.502. In view of the defendant's manifest intent to circumvent the provisions of the Fair Labor Standards Act, the Court concludes as a matter of law that the injunction prayed for by the plaintiff is necessary.

8. It is also appropriate that the defendant be enjoined from any further withholding of the overtime compensation due to the employees named in paragraph 2 of the Findings of Fact. Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1955).

Whereupon, it is ordered that the defendant, his agents and all other persons acting in concert with the defendant are hereby enjoined from any further acts in violation of the provisions of Title 29, United States Code, Sections 206, 207, 211(c), 215(a) (1), (2), (5).

It is further ordered that the defendant remit to the Wage and Hour Division of the Department of Labor an amount sufficient to compensate the employees named in paragraph 2 of the Findings of Fact for the additional wages due them under the provisions of the Fair Labor Standards Act, plus interest computed at the rate of six percent per annum from the dates such wages should have been paid.

It is further ordered that counsel for the plaintiff shall prepare a judgment entry in accordance with the provisions of this Order.