**Roderick A. DeARMENT Acting Secretary of Labor, United States Department of Labor, Plaintiff,**

**v.**

**RAX RESTAURANTS, INC., Defendant.**

**No. C–2–90–523.**

United States District Court, S.D. Ohio, E.D.

Sept. 27, 1991.

Betty Klaric, U.S. Dept. of Labor, Cleveland, Ohio, for plaintiff.

James M. Coleman, Power & Coleman, Arlington, Va., Richard F. Schmidt, Rax Restaurants, Inc. General Counsel, Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

HOLSCHUH, Chief Judge.

This matter is before the Court on the motion of defendant Rax Restaurants, Inc. ("Rax") to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction on the grounds that this action has become moot. Plaintiff Roderick A. DeArment, Acting Secretary of Labor, Successor to Elizabeth Hanford Dole, Secretary of Labor, United States Department of Labor ("Secretary") filed a response in opposition to defendant's motion to dismiss and defendant Rax filed a reply.

## FACTUAL BACKGROUND

This case involves a claim by plaintiff Secretary to enjoin defendant Rax from violating the provisions of section 15(a)(4) of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060; 29 U.S.C. 201 *et seq.*), hereinafter called the Act. Defendant Rax is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(2) of the Act as amended in 1977, comprised exclusively of retail or service establishments and having an annual dollar volume in excess of $362,500.00 and has employees engaged in commerce or in the production of goods for commerce including employees handling, selling, or otherwise working on goods or materials that have been produced for or moved in commerce.

The claim in question arose from investigations of various Rax sites by the Secretary since February 1988. The Secretary alleges that Rax has violated, and is violating, the provisions of sections 12(c) and 15(a)(4) of the Act by employing in and about their aforesaid places of business minors between the ages of fourteen and sixteen in occupations requiring work beyond 7:00 p.m. during the period of Labor Day to June 1 and beyond 9:00 p.m. during the period of June 1 to Labor Day and in occupations requiring that said minors work in excess of 18 hours per week when school is in session, in excess of three hours in any one day when school is in session, and in excess of eight hours in any one day when school is not in session. The Secretary alleges that 193 separate violations of section 12(c) and 15(a)(4) have occurred.

As a result of the investigations, the Secretary issued a civil money penalty in the amount of $92,525.00 and requested injunctive relief. Rax denied each and every allegation that a child labor violation had occurred, but for the sole purpose of avoiding the expense of litigation and without admitting any of the violations alleged, Rax agreed to pay the Secretary $25,-000.00. Additionally, on September 1, 1990, Rax voluntarily instituted a corporate policy of not employing minors under the age of sixteen years.

As a result of its decision no longer to employ any persons under the age of sixteen years, Rax argues that it has virtually eliminated the possibility that future violations will occur and hence the Secretary's request for injunctive relief is moot.

## STANDARD OF REVIEW

When a defendant challenges subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the plaintiff has the burden of proving jurisdiction to survive the motion, and the Court has the power to resolve factual disputes. *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 915 (6th Cir.1986). In this case, defendant Rax challenges subject matter jurisdiction on grounds of mootness.

"Mootness is determined by examining whether an actual controversy between the parties exists in light of intervening circumstances." *Fleet Aerospace Corp. v. Holderman,* 848 F.2d 720, 723 (6th Cir. 1988) (citations omitted). Plaintiff denies that the present controversy is moot because (1) defendant's history of non-compliance with the Fair Labor Standards Act obviates against denial of injunction, and (2) whether defendant's decision not to hire children under sixteen years can be changed in the future and will be internally enforced are questions of fact to be determined at trial, as is its denial of the violations alleged in the complaint.

## DISCUSSION

Defendant Rax states that its September 1, 1990 firm company policy of not employing any individual under the age of sixteen years and its intention not to modify the policy but rather to enforce it through affirmative documentation of proof of age to hiring officials renders this case moot. Affidavit of Lowell A. Gordon, Rax's Vice President of Human Resources dated October 30, 1990. Relying on the recently decided case of *Dole v. Burger King Corp.,* Case No. 90–0628–CIV. (S.D.Florida, Oct. 29, 1990), Rax argues that the allegedly identical issues and facts which resulted in a finding of mootness in *Burger King* should result in a finding of mootness in this case as well.

Plaintiff Secretary presents two primary arguments distinguishing *Burger King* from the present case, namely that the facts as applied to the three-part *Burger King* test yield a different result here, and that the cases relied on by the *Burger King* court to establish its three-part test are inapplicable.

The court in *Burger King* stated:

The issue remaining is quite simple. The facts are not in controversy: Burger King Corporation (BKC) has implemented a permanent company policy to cease employing employees under sixteen years of age. BKC has terminated the employment of all employees under the age of sixteen. Because of these uncontroverted facts, the issue presented is whether a prospective injunction affecting employment of persons under sixteen is moot or otherwise does not present the case or controversy required by Article III of the federal constitution.

*Burger King* at page 1 (footnote omitted). In concluding that the case was moot as a result of Burger King's elimination of persons under the age of sixteen years from its work force, and that the entire action warranted dismissal, the *Burger King* court noted that the Secretary could not substantiate:

1. violations of sufficient magnitude and seriousness;
2. BKC's compliance measures and promise of future compliance are not dependable; and
3. that future violations are likely.

The Secretary argues in contrast that Rax's violations are of sufficient magnitude, their promise of future compliance is not dependable, and future violations are likely. To support these contentions, the Secretary contends that the 193 violations involving 117 children are, in fact, of sufficient magnitude, and that Rax's history of non-compliance with these provisions of the Act in the past casts serious doubts on the dependability of its promise of future compliance and makes the likelihood of future violations great. To support Rax's history of non-compliance, the Secretary states that a 1985 investigation in eight of defendant's Columbus, Ohio area restaurants; 1986 investigations of Rax's Huber Heights, Ohio and Lima, Ohio restaurants; 1987 and 1989 investigations in three Florida Rax restaurants; a 1989 investigation of Rax's Hurricane, West Virginia restau-

rant; and the 1990 investigation which resulted in the action in forty-four of Rax's restaurants in Ohio, Pennsylvania, and Missouri all uncovered FLSA child labor violations. Further, the Secretary emphasizes that the assurances of future compliance given by Rax after the pre–1990 investigations were evidently not followed.

The Secretary also alleges that cases relied on by the *Burger King* court are not relevant here. Two of the cases involved prisoners' rights, *see Cotterall v. Paul*, 755 F.2d 777 (11th Cir.1985) and *Preiser v. Newkirk*, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975), another case involved both moot and non-moot issues, *see Ragsdale v. Turnock*, 841 F.2d 1358 (7th Cir. 1988), and the final case involved a court's refusal to grant an injunction for FLSA violations in large part because the defendant had no history of continued violations after promises to comply with the Act, and thus showed likely compliance with the Act. *Tobin v. Flippo*, 91 F.Supp. 302 (E.D.Va.1950).

This Court chooses not to employ the three-part test in *Burger King*, but instead will follow the standard set in *United States v. Concentrated Phosphate Export Ass'n, Inc.*, 393 U.S. 199, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968). There the Supreme Court stated "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 203, 89 S.Ct. at 364. Further, while "appellees ... [may] show, on remand, that the likelihood of future violations is sufficiently remote to make injunctive relief unnecessary ... [,] appellees' own statement that it would be uneconomical to engage in further [prohibited behavior], ... standing alone, cannot suffice to satisfy ... [appellees'] heavy burden of persuasion." *Id.*

Not surprisingly, when courts are faced with the decision whether to actually grant injunctive relief, the focus is also on likelihood of the employer's future compliance. In a case decided in this district, the prohibited behavior was found to be reasonably expected to recur absent an injunction where the employers were reluctant to comply with the Act. *Hodgson v. Prior*, 340 F.Supp. 386 (S.D.Ohio 1972); see also *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 43, 65 S.Ct. 11, 15, 89 L.Ed. 29 (1944) ("Respondent has consistently urged the validity of [the] plan and would presumably be free to resume the use of this illegal plan were not some effective restraint made.") In addition, where there is no "affirmative indication" by the employer that he would assure future compliance, an injunction should be granted. *See Wirtz v. Flame Coal Co.*, 321 F.2d 558 (6th Cir. 1963). Notably, in *Wirtz* the evidence that the defendant's equipment was heavily mortgaged and the defendant ceased operations prior to the institution of suit did not negate the possibility of resumed activity. *Id.* at 561.

Other circuits have reached similar results. "[W]hen the reason for the employer's not seeing is that his head is buried in the sand, assurances by the employer of future compliance do not justify denial of an injunction against future violations." *Mitchell v. Pidcock*, 299 F.2d 281, 286 (5th Cir.1962). And "[m]ere assurances of future compliance are not enough ... the inquiry must focus on the *dependability* of the promise made." *Brock v. Shirk*, 833 F.2d 1326, 1332 (9th Cir.1987), *vacated and remanded on other grounds*, 488 U.S. 806, 109 S.Ct. 38, 102 L.Ed.2d 18 (1988), (citations omitted). In *Brock*, the court cited the defendant's repeat offender status, knowledge of the violations occurring, and empty instructions not to work overtime as reasons to issue an injunction. *Id.* Other courts have also looked to the previous conduct of the employer and the dependability of his promises for future compliance. *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 197 (5th Cir.1983), *cert. denied*, 463 U.S. 1207, 103 S.Ct. 3537, 77 L.Ed.2d 1387 (1983); *Dole v. Solid Waste Services, Inc.*, 733 F.Supp. 895, 932 (E.D.Pa.1989), *aff'd*, 897 F.2d 521 (3d Cir. 1990) (table), *cert. denied*, —— U.S. ——, 110 S.Ct. 3271, 111 L.Ed.2d 781 (1990).

In other circumstances, courts have refused to issue prospective injunctions for FLSA violations, either because the plaintiff showed no likelihood of resumption of the prohibited activity, *Mitchell v. Vaga-*

*bond Coach Mfg. Co.*, 234 F.2d 261, 262 (6th Cir.1956), or because the plaintiff could show no evidence of FLSA violations in the previous three years and the defendants kept proper records. *Dole v. Bishop*, 740 F.Supp. 1221, 1229–30 (S.D.Miss.1990).

The issue, then, is not whether Rax should be enjoined but whether Rax's new corporate policy prohibiting the hiring of any person under sixteen years of age rises to the level of a dependable promise making absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. This Court finds that Rax has not met the heavy burden of persuasion required in the stringent test for mootness as stated in *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. at 203, 89 S.Ct. at 364. While a voluntary corporate policy may well induce the Court to conclude that Rax's likelihood of resumed activity is nil and not issue an injunction, it is also possible for the Court to decide otherwise. Thus, the Secretary does have a legally cognizable interest to maintain this litigation.

### CONCLUSION

Based on the foregoing, the Court finds that plaintiff Secretary has a legally cognizable interest in this litigation and that defendant's motion to dismiss for lack of subject matter jurisdiction on ground of mootness must, therefore, be DENIED.

IT IS SO ORDERED.