566 S.E.2d 305

**Raymond L. DUNN, Petitioner Below, Appellant,**

v.

**Thomas L. WATSON, James F. Brown, IV, Substitute Trustee, and One Valley Bank, N.A., Respondents Below, Appellees.**

Nos. 30249, 30250.

Supreme Court of Appeals of West Virginia.

Submitted May 22, 2002.

Decided June 19, 2002.

Franklin L. Gritt, Jr., Esq., Winfield, for Raymond L. Dunn.

Gerald R. Stowers, Esq., J. Mark Adkins, Esq., Bowles Rice McDavid Graff & Love, PLLC, Charleston, for James F. Brown, IV.

Charles D. Dunbar, Esq., Mark D. Clark, Esq., Jackson & Kelly, PLLC, Charleston, for Branch Banking & Trust Company.

MAYNARD, Justice.

This case is before this Court upon appeal of final orders of the Circuit Court of Putnam County entered on May 1, 2001 and May 4, 2001. Pursuant to those orders, the circuit court granted summary judgment in favor of the appellees and respondents below, James F. Brown, IV, Substitute Trustee, and One Valley Bank, N.A.,[1] in this injunctive action filed by the appellant and petitioner below, Raymond L. Dunn, to set aside the foreclosure sale of real estate he owned. In this appeal, Mr. Dunn contends that genuine issues of material fact existed precluding summary judgment.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order of the circuit court is affirmed.

## I. FACTS

On April 3, 1997, Raymond Dunn acquired a parcel of real estate consisting of 72 acres, more or less, located in Buffalo, West Virginia. In order to obtain a loan, Mr. Dunn and his wife, Dawn Dunn,[2] executed a deed of trust dated April 10, 1997, conveying the real estate to Phyllis H. Arnold and Brian J. Fox, in trust for the benefit of One Valley Bank (hereinafter "the Bank") thereby securing a promissory note in the amount of $21,387.92. Subsequently, the Bank exercised its option to remove the trustees named in the deed of trust, and appointed James F. Brown, IV, as substitute trustee.

Mr. Dunn made payments on the promissory note until November 26, 1997. Thereafter, the loan went into default. Consequently, Mr. Dunn was served with a notarized Notice of Right to Cure Default by certified mail on February 24, 1998. In response, Mr. Dunn obtained a mortgage on his home in St. Albans, West Virginia, to pay off the promissory note. However, for unknown reasons, the money was never used to pay off the loan.

On August 6, 1998, Mr. Brown, as substitute trustee, sent the following documents to Mr. Dunn[3] by certified mail: (1) a letter dated August 6, 1998, from Nancy Belcher, an employee of the Bank, to Mr. Dunn and his former wife giving notice of the default

---

1. As the result of a merger, One Valley Bank has become Branch Banking and Trust Company (BB & T).

2. Raymond and Dawn Dunn have divorced.

3. The same documents were sent to Dawn Dunn by certified mail.

and acceleration of the promissory note and advising that the real estate would be sold; (2) a letter dated August 6, 1998 from Nancy Belcher to Mr. Brown authorizing him as substitute trustee to sell the real estate in accordance with the terms and conditions set forth in the Deed of Trust; and (3) a Notice of Substitute Trustee's Sale dated August 6, 1998. That same day, Mr. Brown sent *The Putnam Democrat* the Notice of Substitute Trustee's Sale for the subject property for publication. On August 7, 1998, Mr. Dunn signed the domestic return receipt indicating that he received the certified mail.

On September 3, 1998, a foreclosure sale on the subject property was held, and Thomas L. Watson was the highest bidder. By deed dated September 17, 1998, the subject property was conveyed to Mr. Watson, and the deed was duly recorded. On that same date, Mr. Brown prepared and signed a notarized copy of the Substitute Trustee's Report and Account of Sale which stated that he had complied with West Virginia law and all terms and conditions set forth in the Deed of Trust. Because the proceeds of the foreclosure sale exceeded the amount Mr. Dunn owed the Bank, Mr. Brown also conveyed a check to Mr. Dunn in the amount of $288.24. However, Mr. Dunn refused to cash the check.

Subsequently, Mr. Dunn filed a petition for injunctive relief in the Circuit Court of Putnam County naming Mr. Brown, the Bank, and Mr. Watson as respondents, and alleging that Mr. Brown failed to serve him notice of the foreclosure sale. Mr. Dunn requested that the court enter an order restraining and enjoining Mr. Watson from removing, disturbing, or disposing of any of the personal property located on the subject real estate. In response, Mr. Brown filed a counterclaim seeking a declaration from the court as to the ownership of the subject property and the proper disposition of the excess proceeds. Mr. Watson filed a cross-claim seeking damages from Mr. Brown and the Bank in the event that the foreclosure sale was set aside.

On November 13, 2000, Mr. Brown filed a motion for summary judgment. The Bank filed its own summary judgment motion on January 26, 2001. A hearing was held on February 8, 2001, and the circuit court granted the summary judgment motions in the final orders entered on May 1, 2001 and May 4, 2001. This appeal followed.[4]

## II. STANDARD OF REVIEW

As noted above, this is an appeal of an order granting summary judgment. This Court has held that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963). We have further held that "[a] circuit court's entry of summary judgment is reviewed *de novo.*" Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

## III. DISCUSSION

As discussed above, Mr. Dunn claims that he did not receive notice of the foreclosure sale. Specifically, he asserts that Mr. Brown failed to enclose a copy of the Notice of Substitute Trustee's Sale in the envelope that was mailed to him on August 6, 1998. The circuit court found that Mr. Dunn's mere denial of receiving the notice of sale was insufficient to rebut the presumption of receipt created by his signature on the domestic return receipt from the certified mail and, thus, granted summary judgment to Mr. Brown and the Bank. Mr. Dunn contends that the circuit court erred in this finding. He acknowledges that his mere denial of receiving notice may be insufficient to allow him to prevail at trial, but argues that the evidence is sufficient to withstand a motion for summary judgment.

W.Va.Code § 38–1–4 (1987) provides the specific notice requirements that a substitute trustee must satisfy when overseeing a foreclosure. The statute states, in pertinent part:

> In all cases, a copy of such notice shall be served on the grantor in such trust deed,

---

4. Mr. Dunn separately appealed each order, but the appeals were consolidated by this Court.

or his agent or personal representative, by certified mail, return receipt requested, directed to the address shown by the grantors on the deed of trust or such other address given to the beneficiary of said trust deed or said beneficiary's agent or assignee in writing by the said grantor subsequent to the execution and delivery of the trust deed and notice shall be deemed complete when such notice is mailed to the aforesaid address, notwithstanding the fact that such mail may be returned as refused or undeliverable and shall be served by certified mail, at least twenty days prior to the sale, upon any subordinate lienholder who has previously notified the primary lienholder by certified mail of the existence of a subordinate lien. Every trust deed shall state the address to which such notice shall be mailed.

W.Va.Code § 38–1–4. In *Russell v. Webster Springs Nat. Bank,* 164 W.Va. 708, 711, 265 S.E.2d 762, 764 (1980), this Court stated that, "[a] party who seeks to have a trustee sale set aside for irregularity, want of notice, or fraud has the burden of proving his contention, it being presumed, in the absence of evidence to the contrary, that the sale was regular."

▆ It is a well-established principle of law that "a letter properly addressed, stamped and mailed is presumed to have been duly delivered to the addressee." Strong, John W., *McCormick on Evidence,* § 343 (5th ed.1999). "This presumption is especially true when the delivery is by certified mail." Cleckley, Franklin D., *Handbook on Evidence for West Virginia Lawyers* § 3–1(C) (3rd ed.1994). Thus, we hold that when a notice of sale by a trustee is placed in the mail pursuant to W.Va.Code § 38–1–4, a rebuttable presumption of receipt is established, which is especially strong when service is made by certified mail.

We note that for this Court to adopt any rule, other than the one herein enunciated to the effect that mailing by certified mail establishes a rebuttable presumption of receipt of notice, could result in much uncertainty and potentially allow great mischief. There is really no other rule this Court could fashion which would avoid those problems in a meaningful and practical way, keeping in mind the fact that these disputes often involve the rights of innocent bona fide purchasers.

▆ In this case, Mr. Brown and the Bank established the rebuttable presumption that Mr. Dunn received the Notice of Substitute Trustee's Sale when it produced the domestic return receipt signed by Mr. Dunn on August 7, 1998, confirming that he received the August 6, 1998 certified mail. In addition, the testimony of Angela Douglas, Mr. Brown's legal assistant, established that the normal practice and procedure of Mr. Brown's office is to send the foreclosed grantors the Notice of Substitute Trustee's Sale along with the letter from the Bank to the substitute trustee authorizing the sale and the letter to the foreclosed grantors informing them that they are in default and that the real property will be sold. Furthermore, the evidence showed that the Notice of Substitute Trustee's Sale was mailed to *The Putnam Democrat* for publication on the same day that Mr. Brown sent the certified mail to Mr. Dunn.

In response, Mr. Dunn offered no evidence to support his allegation that he did not receive the Notice of Substitute Trustee's Sale except his own testimony in that regard and similar testimony from his ex-wife. While a verified complaint can be considered as summary judgment evidence, *King v. Dogan,* 31 F.3d 344, 346 (5th Cir.1994), self-serving assertions without factual support in the record will not defeat a motion for summary judgment. *McCullough Oil, Inc. v. Rezek,* 176 W.Va. 638, 346 S.E.2d 788 (1986). Thus, a nonmoving party cannot avoid summary judgment merely by asserting that the moving party is lying. Rather, Rule 56 [of the West Virginia Rules of Civil Procedure] requires a nonmoving party to produce specific facts that cast doubt on a moving party's claims or raise significant issues of credibility. The nonmoving party is required to make this showing because he is the only one entitled to the benefit of all *reasonable* or *justifiable* inferences when confronted with a motion for summary judgment. Inferences and opinions must be grounded on

more than flights of fancy, speculations, hunches, intuition, or rumors.

*Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 61 n. 14, 459 S.E.2d 329, 338 n. 14 (1995) (emphasis in original). Accordingly, Mr. Dunn's mere denial that he received the notice of sale is simply insufficient to rebut the presumption of receipt established by his signature on the return receipt card for the certified mail and does not create a genuine issue of material fact. Thus, the circuit court properly granted summary judgment to Mr. Brown and the Bank.

## IV.  CONCLUSION

For the reasons set forth above, the final orders of the Circuit Court of Putnam County entered on May 1, 2001 and May 4, 2001, are affirmed.

Affirmed.