IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LINDA M. JENKINS,**
**Plaintiff Below, Petitioner**

**vs.) No. 23-ICA-70**        (Cir. Ct. of Cabell Cnty. Case No. 22-C-226)

**WEST VIRGINIA BOARD OF SOCIAL WORK,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Linda M. Jenkins appeals from the December 22, 2022, final order of the Circuit Court of Cabell County, which granted respondent West Virginia Board of Social Work's ("Board") motion to dismiss, and found that Ms. Jenkins' administrative appeal was untimely filed. The Board filed its response.[1] Ms. Jenkins filed a reply. The only issue on appeal is whether the circuit court erred by finding Ms. Jenkins' administrative appeal was untimely filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Jenkins was formerly a licensed social worker.[2] In February and July of 2020, the Board received complaints against Ms. Jenkins alleging unprofessional and unethical conduct. Following its investigations into the allegations, the Board found probable cause to pursue disciplinary action against Ms. Jenkins. While the disciplinary matter was pending, Ms. Jenkins submitted a license renewal application to the Board on December 28, 2020. The Board denied the application due to the results of its investigations. Ms. Jenkins appealed the denial and requested an administrative hearing. The complaints were consolidated for purposes of appeal.

---

[1] Ms. Jenkins is self-represented. The Board is represented by Mark S. Weiler, Esq.

[2] We note that on appeal Ms. Jenkins raises arguments regarding the merits of the Board's decision. However, because the circuit court's order dismissed Ms. Jenkins' appeal as time barred, our review herein is limited to this issue.

1

An administrative hearing was held before the Board's administrative law judge ("ALJ") on December 13-14, 2021. The ALJ submitted proposed findings of fact, conclusions of law, and its recommended decision to the Board on April 10, 2022. On April 21, 2022, the Board adopted the ALJ's submission in its entirety. In its ruling, the Board concluded that Ms. Jenkins had engaged in unethical and unprofessional conduct in violation of the laws, regulations, and code of ethics governing social workers in West Virginia. As a result, the Board indefinitely revoked Ms. Jenkins' social worker's license. Of note, several weeks prior to the issuance of the Board's order, on March 31, 2022, Ms. Jenkins' counsel notified the parties he no longer represented her, and that Ms. Jenkins had been notified of her obligations going forward. Specifically, his correspondence stated:

> Please note that my office is no longer representing Ms. Linda Jenkins. I understand that her current mailing address is still in effect, and she has been notified of her individual obligation concerning any further issues or matters before the West Virginia Board of Social Work. Thank you.

On April 25, 2022, the Board sent a copy of its decision, by certified mail to Ms. Jenkins at the address on file with the Board. It is undisputed that someone at that address signed for the mail on April 27, 2022. Included with the decision, was a letter informing Ms. Jenkins that she had thirty days to appeal the Board's decision. On June 28, 2022, Ms. Jenkins filed her administrative appeal in circuit court.[3] In her administrative appeal, Ms. Jenkins argued, among other things, that the address the Board had on file, reflecting a "Clearwood Drive" address no longer existed, as it was now referred to as "Balls Branch Road." Ms. Jenkins also argued that as of June 28, 2022, she still had not received any of the Board's orders; even though the record reflects that someone at her address signed for the certified mail with the decision on April 27, 2022, and Ms. Jenkins included a copy of the Board's April 22, 2022, decision with her circuit court appeal.

On July 19, 2022, the Board filed its response, along with a motion to dismiss the appeal as untimely filed. The Board advised that at no time did Ms. Jenkins notify the Board, its counsel, or the ALJ, that her mailing address had changed. Ms. Jenkins did not file any pleading in response to the motion to dismiss. By order dated December 22, 2022, the circuit court granted the motion to dismiss. In its order, the circuit court took judicial notice that according to county records, the Balls Branch Road and Clearwood Drive properties are located on the same stretch of road in Cabell County, and that the Board's decision had been delivered to, and signed for by an individual at Ms. Jenkins' Clearwood Drive/Balls Branch Road address. The circuit court also found it significant that despite

---

[3] The circuit court retained jurisdiction over the Board's order because it was entered prior to June 30, 2022. *See* W. Va. Code § 51-11-4(b)(4) (2022) (stating this Court only has jurisdiction over final administrative decisions entered after June 30, 2022).

her argument that she had yet to receive the Board's decision, Ms. Jenkins had attached a copy of the ruling to her appeal.

The circuit court further found Ms. Jenkins' argument that the Board's order was sent to the wrong address was mooted by Ms. Jenkins' failure to update her address with the Board as required by West Virginia Code of State Rules § 25-1-7.1 (2021).[4] This Rule provides, "[a] licensee, provisional licensee, permittee shall notify the Board within thirty (30) days of any change of his or her legal name, primary address, telephone number or similar change of location or status, and, if required by the Board, of any change of supervisor or employer." The circuit court concluded that Ms. Jenkins was obligated, as a condition of her professional licensure, to update her address. Thus, if Ms. Jenkins' address had, in fact, changed, she failed to update her address with the Board as required by Rule.

As a final matter, the circuit court determined that her administrative appeal was subject to the State Administrative Procedures Act, which required Ms. Jenkins to file her appeal of the Board's decision within thirty days. *See* W. Va. Code 29A-5-4(b) (2021). Because Ms. Jenkins did not file her appeal until approximately sixty days after it was delivered to her address, it was time barred and was dismissed. This appeal followed.

Because the circuit court's ruling is based upon a motion to dismiss, our standard of review is *de novo*. *See* Syl. Pt. 1, in part, *Lipscomb v. Tucker Cnty. Comm'n*, 197 W. Va. 84, 85, 475 S.E.2d 84, 85 (1996) ("[a]ppellate review of a circuit court's order granting a motion to dismiss an appeal . . . is *de novo*."); Syl. Pt. 2, *Solution One Morg., LLC v. Helton*, 216 W. Va. 740, 742, 613 S.E.2d 601, 603 (2005) (applying *de novo* standard of review to circuit court's order granting motion to dismiss administrative appeal).

To begin, we note that Board appeals are governed by West Virginia Code § 30-30-28 (2011), which states:

> Any licensee or permittee adversely affected by a decision of the board entered after a hearing may obtain judicial review of the decision in accordance with section four, article five, chapter twenty-nine-a of this code, and may appeal any ruling resulting from judicial review in accordance with article six, chapter twenty-nine-a of this code.

W. Va. Code § 30-30-28; *see also* W. Va. Code R. § 25-6-3.1 (2013) ("All procedures for contested cases are governed by W. Va. Code § 29A-5-(1), et seq."). Further, West Virginia Code § 29A-5-4(a) and (b) (2021), requires, in part, "[a]ny party adversely affected by a final order or decision in a contested case is entitled to judicial review . . . by filing a

---

[4] This Rule was formerly cited as West Virginia Code of State Rules § 25-1-5 (2020), until it was renumbered into its current form. The language of the Rule did not change.

3

petition . . . within 30 days after the date upon which such party received notice of the final order or decision of the agency." With these parameters in mind, we turn to the instant appeal.

On appeal, Ms. Jenkins argues that problems with her local mail delivery prevented her from receiving a copy of the Board's decision, resulting in her untimely appeal.[5] First, she notes that she has never moved and that the Clearwood Drive and Balls Branch Road addresses are for the same residence. However, she claims that she experienced delays in receiving mail addressed to Clearwood Drive, which she blames on a new mail carrier assigned to her route. She further argues that she never received a copy of the Board's decision by mail, but rather, the copy of the decision she received was forwarded to her by her former counsel via e-mail. In her brief, Ms. Jenkins also admits that she did not update her address with the Board as required by Rule but argues that her failure was justified based upon the "crisis [she] was going through" in her personal life at the time. Upon review, we find these arguments unpersuasive.

We find that Ms. Jenkins failed to comply with West Virginia Code of State Rules § 25-1-7 when she failed to update her address with the Board, as explicitly required by Rule. While Ms. Jenkins concedes her failure to comply with this Rule, we find her argument that her noncompliance was excusable based upon issues existing in her personal life at the time, to be without merit. Ms. Jenkins cites no legal authority in support of her position.

The record clearly establishes that, on March 31, 2022, the parties were notified that Ms. Jenkins' counsel no longer represented her. In that correspondence, counsel noted that the address the Board had on file for Ms. Jenkins was still in effect and that she had been apprised of her obligations in the case going forward. Ms. Jenkins' appeal does not dispute

---

[5] We note that Ms. Jenkins' brief merely consists of streams of consciousness and self-serving statements and fails to comply with Rule 10 of our Rules of Appellate Procedure. Specifically, the brief fails to comply Rule 10(c)(2) (requiring table of authorities to be in alphabetical order with the pages of the brief where the authorities are cited); Rule 10(c)(3) (setting forth that assignments of error are to be expressed without unnecessary detail); Rules 10(c)(4) and (5) (requiring statement of the case and summary of argument sections to be set forth in concise detail with the statement of the case to also include citations to the appendix); and Rule 10(c)(7) (requiring the argument section contain "an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."). We also find that Ms. Jenkins' appendix is not paginated as required by Rule 7(b) and does not conform to the general requirements for appendices under Rule 7(c).

these facts. Her failure to notify the Board of her change of address (to the extent there was one) was to her own detriment; as we find that even if a delay had been established, any prejudice suffered by Ms. Jenkins resulting from a delay in her receipt of correspondence from the Board, was through her own inaction, and not that of the Board.

Ms. Jenkins also argues that she has never received the Board's decision by mail. We find this assertion contrary to the record. The record reflects that on April 25, 2022, the Board sent a copy of its decision, by certified mail, to Ms. Jenkins at her Clearwood Drive address, as it was the address Ms. Jenkins had on file with the Board. The record clearly shows, through a United States Postal Service confirmation, that the Board's certified mail was delivered on April 27, 2022, and left with an individual at Ms. Jenkins' Clearwood Drive address. Critically, Ms. Jenkins offers no argument refuting this delivery. Therefore, this fact is undisputed. Further, while Ms. Jenkins argues that she received a copy of the decision in an e-mail from her former counsel, we find nothing in the record to support this contention. Instead, the only evidence in the record is confirmation of the certified mail delivery.

"It is a well-established principle of law that a letter properly addressed, stamped[,] and mailed is presumed to have been duly delivered to the addressee. This presumption is especially true when the delivery is by certified mail." *Dunn v. Watson*, 211 W. Va. 418, 421, 566 S.E.2d 305, 308 (2002) (internal quotation marks and citation omitted). The law further presumes that, when a person signs for a certified mailing, he or she has authority to do so. "There is a presumption that registered mail was delivered and that the person who signed the receipt for such mail had the authority to do so." Syl. Pt. 3, *State ex rel. Yahn Elec. Co. v. Baer*, 148 W. Va. 527, 532–33, 135 S.E.2d 687, 690 (1964). Here, because Ms. Jenkins failed to offer any evidence to rebut the presumption that the certified mail was delivered to her household, we find, as a matter of law, that Ms. Jenkins was served with a copy of the Board's decision on April 27, 2022.

To properly exercise her right to an administrative appeal under West Virginia Code § 29A-5-4, Ms. Jenkins was required to seek judicial review "within thirty days after the date upon which [she] received notice of the final order or decision of the agency." This thirty-day deadline is jurisdictional. *See, e.g., State ex rel. Stewart v. Alsop*, 207 W. Va. 430, 433, 533 S.E.2d 362, 365 (2000) (noting all judicial reviews sought under West Virginia Code § 29A-5-4 must be initiated within thirty days); *W. Va. Div. of Motor Vehicles v. Swope*, 230 W. Va. 750, 755-756, 742 S.E.2d 438, 443-444 (2013) (finding the plain language of West Virginia Code § 29A-5-4 is controlling and requires appeals to be filed within thirty days). Because the Board's decision was delivered to Ms. Jenkins on April 27, 2022, her administrative appeal was required to be filed no later than May 27, 2022. Thus, we find the circuit court properly concluded that it did not have jurisdiction to consider Ms. Jenkins' June 28, 2022, administrative appeal, and did not err by dismissing the same as time barred.

Accordingly, we find no error and affirm the circuit court's December 22, 2022, order.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen