# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JULIAN LEE GREEN**
**Plaintiff Below, Petitioner**

**vs.) No. 23-ICA-121**          (Cir. Ct. Ohio Cnty. No. 35-2022-C-194)

**CORPORAL ERIC MCFARLAND,**
**Defendant Below, Respondent**

**FILED**
**February 8, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Julian Lee Green appeals the March 4, 2023, and March 13, 2023, orders of the Circuit Court of Ohio County. Respondent Corporal Eric McFarland timely filed his response.[1] Mr. Green did not file a reply. The issues on appeal are whether the circuit court erred in granting summary judgment to Corporal McFarland and in refusing Mr. Green's "Motion for In-Person Hearing."

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case arises from a traffic stop of Mr. Green initiated by West Virginia State Police Trooper Eric McFarland ("Trooper McFarland") on August 14, 2022. Mr. Green's license was suspended in 2015, after he was convicted of DUI. In the summer of 2022, Mr. Green was charged on two separate occasions of driving without a license. Trooper McFarland recognized Mr. Green because he was present for the prior proceedings against him in the Circuit Court of Ohio County related to the charges for driving with a suspended license.

On August 14, 2022, Trooper McFarland observed Mr. Green driving a Dodge Ram truck on a public road in Wheeling, West Virginia. Trooper McFarland believed that Mr. Green was driving illegally and initiated a traffic stop. Mr. Green could not produce his driver's license during the stop, but Trooper McFarland determined that his license had been reinstated and let Mr. Green go.

---

[1] Mr. Green is self-represented. Trooper McFarland is represented by Justin M. Wilson, Esq., and Michael D. Mullins, Esq.

In October 2022, Mr. Green, pro se, filed a complaint against Trooper McFarland in the Magistrate Court of Ohio County, in which he alleged violations of his Fourth Amendment rights, mental and emotional distress, harassment, and racial profiling based on the traffic stop. Trooper McFarland removed the case to the Circuit Court of Ohio County.

On February 16, 2023, Trooper McFarland filed a motion for summary judgment. On the same date, the circuit court entered an order acknowledging the filing of Trooper McFarland's motion for summary judgment and ordering that Mr. Green file a response to the motion by March 3, 2023.[2] Mr. Green did not file a response, and the circuit court granted Trooper McFarland's motion on March 4, 2023. On March 9, 2023, Mr. Green filed a motion for an in-person hearing, in which he asked that he be given a chance to present factual evidence to support his claims. This motion was denied on March 13, 2023. It is from these orders that Mr. Green now appeals.

It is well established in West Virginia that "[a] circuit court's entry of summary judgment is reviewed de novo." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 190, 451 S.E.2d 755, 756 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id*. at 190, 451 S.E.2d at 756, syl. pt. 4. Further, we recognize that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Williams v. Precision Coil, Inc*., 194 W. Va. 52, 60, 459 S.E.2d 329, 337 (1995) (citation omitted).

In his brief to this Court, Mr. Green asserts two assignments of error. First, he argues that the circuit court erred in failing to hear his evidence. Second, he avers that he did not receive any motions or orders from the circuit court. Additionally, Mr. Green argues that the traffic stop was a violation of his constitutional rights, and that Trooper McFarland harassed and racially profiled him in conducting the traffic stop.

With respect to Mr. Green's first assignment of error, the record demonstrates that the circuit court alerted him to the fact that he must file a response to the motion for summary judgment by March 3, 2023, and that failure to do so could result in the circuit

---

[2] A footnote contained in the order stated that "the failure to file a response could result in the Court granting the Motion."

court granting summary judgment. However, Mr. Green did not file a response by this date, and did not produce any evidence to support his claims of mental and emotional distress, harassment, and racial profiling against Trooper McFarland. Thus, we find no merit to this assignment of error.

Regarding Mr. Green's second assignment of error, the record demonstrates that the circuit court's February 16, 2023, order which stated the timeframe to respond to the motion for summary judgment was mailed to both Mr. Green and counsel for Trooper McFarland. It is a well-established principle of law that "a letter properly addressed, stamped, and mailed is presumed to have been duly delivered to the addressee." *Dunn v. Watson*, 211 W. Va. 418, 421, 566 S.E.2d 305, 308 (2002) (internal citations omitted). Although Mr. Green claims that he did not receive a copy of the February 16, 2023, order, counsel for Trooper McFarland did receive the order. Further, the record demonstrates that Mr. Green received the circuit court's March 4, 2023, order granting summary judgment to Trooper McFarland, and filed his "Motion for In-Person Hearing" in response. It is unlikely that he received a copy of the March 4, 2023, order but did not receive the February 16, 2023, order. Mr. Green's arguments do not demonstrate any error in the circuit court's decision to grant Trooper McFarland's motion for summary judgment. We note here that in different circumstances the circuit court's order granting summary judgment may have been insufficient, as it did not contain the required findings of fact or conclusions of law. However, it is acceptable in this case, as Mr. Green did not file a response to the motion for summary judgment.

Although not presented as an assignment of error, Mr. Green also argues that his Fourth Amendment rights were violated by the traffic stop. Our Supreme Court of Appeals has stated that "[p]olice officers may stop a vehicle to investigate if they have an articulable reasonable suspicion that the vehicle is subject to seizure or a person in the vehicle has committed, is committing, or is about to commit a crime[.]" Syl. Pt. 1, *State v. Stuart*, 192 W. Va. 428, 435, 452 S.E.2d 886, 893 (1994). Based upon the record, Trooper McFarland had a reasonable suspicion that Mr. Green was driving without a license when he initiated the traffic stop, as he was present during previous proceedings brought against Mr. Green for driving with a suspended license. Further, Mr. Green admitted in a deposition that he did not know whether Trooper McFarland had a racial motivation for the traffic stop.

Mr. Green also appeals the circuit court's March 13, 2023, order denying his "Motion for In-Person Hearing." However, such a motion is not contemplated by our Rules of Civil Procedure. The motion seems to be analogous to a motion to alter or amend judgment under Rule 59 (e) of our Rules of Civil Procedure, as Mr. Green was seeking to provide additional evidence to the circuit court in order to achieve a different outcome in his case. Our Supreme Court has indicated that "[t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v.*

*Am. Travellers Life Ins. Co*., 204 W. Va. 430, 431, 513 S.E.2d 657, 658 (1998). Mr. Green did not provide any evidence in support of his claims or file a response to Trooper McFarland's motion for summary judgment. Thus, we find that the circuit court did not err in denying this motion, as Mr. Green failed to make a sufficient showing on the essential elements of his claims and there was no genuine dispute of material fact in this case.

Based on the foregoing, we affirm the circuit court's March 4, 2022, order granting summary judgment, as well as the March 13, 2023, order denying Mr. Green's motion for an in-person hearing.

Accordingly, we affirm.

Affirmed.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear