# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TYRELL E. LOUK,**
**Claimant Below, Petitioner**

**v.) No. 23-ICA-160** (Workforce W. Va. Bd. of Rev. No. X-2022-0353)

**WORKFORCE WEST VIRGINIA,**
**Respondent Below, Respondent**

**and**

**INDUSTRIAL POWDER COATINGS, LLC,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tyrell E. Louk appeals the January 6, 2023, decision of the WorkForce West Virginia Board of Review ("Board"), which denied his late appeal, and held that he failed to show good cause for the late appeal. Respondent WorkForce West Virginia ("WorkForce") timely filed a response.[1] Respondent Industrial Powder Coatings, LLC did not participate in this appeal. Mr. Louk did not file a reply. The sole issue on appeal is whether Mr. Louk demonstrated good cause for his late appeal of the WorkForce deputy's decision.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Louk worked for Industrial Powder Coatings, LLC as a painter from March 9, 2020, to March 27, 2020. Mr. Louk filed a traditional unemployment compensation claim for the week beginning April 5, 2020. Mr. Louk cited "lack of work" and listed his last date of employment as March 27, 2020. Mr. Louk received a weekly benefit amount of $136.00, and a pandemic era payment of $600.00 per week for the weeks ending April 11, 2020; April 18, 2020; and May 2, 2020.

---

[1] Mr. Louk is self-represented. WorkForce is represented by Kimberly A. Levy. Industrial Powder Coatings, LLC did not appear.

1

As a result of Mr. Louk's initial claim, WorkForce requested separate information from Industrial Powder Coatings, LLC. Industrial Powder Coatings, LLC completed a "Request for Separation Information" dated April 30, 2020. Industrial Powder Coatings, LLC alleged that "[e]mployee did not feel comfortable working due to Covid-19 although we had work still available for him to do."

WorkForce made several attempts to contact Mr. Louk to obtain additional information and provide updates as to his claim, including an "Overpayment Memorandum," dated September 1, 2020. WorkForce also notified Mr. Louk by letter dated May 30, 2020, that a hold had been placed on his claim.

A deputy's decision was issued on September 1, 2020, which found that Mr. Louk had voluntarily left or quit his employment when he separated from work on March 27, 2020. Further, the deputy found that Mr. Louk failed to prove fault on the part of the employer pursuant to West Virginia Code § 21A-6-3(1) (2020).[2] Mr. Louk was disqualified from receiving benefits beginning on March 22, 2020, until he returned to covered employment and was employed for at least thirty days. This decision created an overpayment in the amount of $2,944.00. Pursuant to West Virginia Code § 21A-7-8 (1978), Mr. Louk had eight days to file an appeal of the deputy's decision.

Mr. Louk appealed the deputy's decision on November 4, 2022, over two years after it was issued. Mr. Louk stated that he was filing a late appeal because the letter that he received from WorkForce on October 28, 2022, which he claims alerted him of the overpayment, was the first communication that he had received from WorkForce.[3] Mr. Louk asserted that when he initially filed his claim for unemployment benefits, he had called WorkForce every week and was told that it could take up to a year to receive a decision in the mail. Further, he stated that WorkForce may have been given the wrong information about the separation from work, because he was still employed by Industrial Powder Coatings, LLC.

---

[2] W. Va. Code § 21A-6-3 provides, in part: "[u]pon the determination of the facts by the commissioner, an individual is disqualified for benefits:

    (1) For the week in which he or she left his or her most recent work voluntarily without good cause involving fault on the part of the employer and until the individual returns to covered employment and has been employed in covered employment at least 30 working days.

[3] Mr. Louk did not identify the letter that he purportedly received on October 28, 2022, and it is unclear from the record which document he is referring to. The "Overpayment Memorandum" was dated September 1, 2020.

The WorkForce office manager denied Mr. Louk's appeal by letter dated November 10, 2022, stating that the appeal was not timely filed, and that he had failed to show good cause for the late appeal. Mr. Louk responded to this letter and stated that his appeal was late because half of his mail went to an identical address in Barrackville, West Virginia, instead of his address in Fairmont, West Virginia.

WorkForce scheduled a hearing before an administrative law judge ("ALJ") solely on the issue of whether Mr. Louk had demonstrated good cause for the late appeal. The hearing was held on January 4, 2023. Mr. Louk appeared by telephone. WorkForce and Industrial Powder Coatings, LLC did not appear. Mr. Louk testified that he lives in Fairmont, West Virginia, but that his mail is often sent to an identical address in Barrackville, West Virginia, as reason for his late appeal. He stated that he did not receive the deputy's decision until a week prior to the hearing.

By decision dated January 6, 2023, the ALJ affirmed the decision of the office manager, and found that Mr. Louk failed to show good cause for the late appeal. The ALJ noted that appeals must be filed within eight days after the decision has been mailed to the claimant, and that Mr. Louk had filed his appeal two years, one month, and twenty-five days after his appeal deadline had expired. Further, the ALJ found that Mr. Louk had received other correspondence from WorkForce at his address in Fairmont, West Virginia, and that he had failed to show evidence that he had good cause for the late appeal.

Mr. Louk appealed the ALJ's decision to the Board. By decision dated February 21, 2023, the Board affirmed the ALJ's decision and adopted the findings of the ALJ in their entirety. It is from this decision that Mr. Louk now appeals.

In appeals from the Board, our standard of review is as follows:

The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

*Taylor v. WorkForce W. Va.*, 249 W. Va. 381, ___, 895 S.E.2d 236, 241 (Ct. App. 2023) (quoting Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994).

On appeal, Mr. Louk raises one assignment of error, in which he states that WorkForce stated that he received an overpayment, and that he refused to work. He asserts that Industrial Powder Coatings, LLC informed him that no work was available due to the Covid-19 pandemic.

We find that Mr. Louk's assignment of error is without merit, as the sole issue before the ALJ and the Board was the issue of whether he showed good cause for his late appeal

3

of the deputy's decision. "Our general rule is that nonjurisdictional questions. . . raised for the first time on appeal, will not be considered." *Shaffer v. Acme Limestone Co.*, 206 W. Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999). The ALJ and the Board did not consider evidence regarding Mr. Louk's separation from work, and thus we will not consider this assignment of error on appeal.

Turning to the issue of whether Mr. Louk provided good cause for his late appeal, West Virginia Code of State Rules § 84-1-3.3 (2018) provides: "[a]ny appeal shall be filed within eight (8) calendar days after the decision has been mailed to the claimant and last employer as provided in W. Va. Code § 21A-7-8."

Further, West Virginia Code of State Rules § 84-1-3.4 (2018) states:

All appeals must be filed in accordance with the time periods set forth in these rules. The postmark date is [considered] the filing date. . . . For good cause shown, the Board or its designee may accept and process a late appeal.

Black's Law Dictionary defines "good cause" as "[a] legally sufficient reason. Good cause is often the burden placed on a litigant . . . to show why a request should be granted or an action excused," and is synonymous with the terms "good cause shown; just cause; lawful cause; [and] sufficient cause." *Good Cause*, Black's Law Dictionary (11th ed. 2019).

Upon review, we find that the Board was not clearly wrong in finding that Mr. Louk did not provide good cause for his late appeal of the deputy's decision. The record indicates that Mr. Louk filed his appeal on November 4, 2022, over two years after the deputy's decision was issued on September 1, 2020. Below, Mr. Louk asserted that his mail was frequently sent to an identical address in Barrackville, West Virginia, in support of his argument for good cause. However, the record indicates that he received multiple communications from WorkForce regarding the date of the hearing and the overpayments, and that the ALJ found that WorkForce mailed each correspondence to his Fairmont address. Further, it is well established by our Supreme Court of Appeals that "a letter properly addressed, stamped and mailed is presumed to have been duly delivered to the addressee." *Dunn v. Watson*, 211 W. Va. 418, 421, 566 S.E.2d 305, 308 (2002). Thus, we find that the Board did not err in affirming the ALJ's decision that Mr. Louk failed to demonstrate good cause for his late appeal.

Based on the foregoing, we affirm the Board's January 6, 2023, decision.

Affirmed.

**ISSUED:** April 22, 2024

4

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear