Ernest P. BROWN, Plaintiff,

v.

Emile L. BOUCHARD, d/b/a Tyngsboro Machine Co., Defendant.

Civ. A. No. 60-274.

United States District Court
D. Massachusetts.

Sept. 27, 1962.

William H. Sullivan, Lowell, Mass., for plaintiff.

Arthur L. Eno, Jr., Lowell, Mass., Paul F. Callery, Lowell, Mass., for defendant.

Emile Bouchard, Tyngsboro, Mass., pro se.

JULIAN, District Judge.

The plaintiff commenced this action on April 22, 1960, against his former employer to recover unpaid overtime compensation, an additional equal amount as liquidated damages, and a reasonable attorney's fee, as provided by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq.

After a trial without a jury the Court finds the following facts.

The defendant is an individual doing business under the firm name Tyngsboro Machine Co. and at all times pertinent to this action was engaged at Tyngsboro, Massachusetts, in the production of goods for commerce within the meaning of the Act.

During the workweeks beginning January 1, 1958, and ending January 22, 1960, the defendant employed the plaintiff and one other in the production of goods for interstate commerce.

The plaintiff worked as a machinist in the repair of machines both on and off the defendant's premises for persons engaged in interstate commerce, and in the manufacture of custom machinery for customers of the defendant which was shipped regularly and recurrently from the defendant's plant to manufacturers situated both within and outside of Massachusetts.

From January 1, 1958, to January 22, 1960, the plaintiff was employed by the defendant at a regular hourly rate of $1.75 and for a regular workweek of forty-eight hours. It had been agreed between the plaintiff and the defendant that the plaintiff was to be paid at the regular rate of $1.75 per hour for forty hours, and at one and one-half times the regular rate for five and one-half hours, as total compensation for the workweek of forty-eight hours. The time which the plaintiff worked in excess of forty-eight hours was to be accumulated and used from time to time to make up for lost time in those weeks when, because of sickness or for personal reasons, the plaintiff worked less than forty-eight hours.

■ The provisions of 29 U.S.C.A. § 207(a) in effect during the period involved in this case read as follows:

"Except as otherwise provided in this section, no employer shall employ any of his employees who is engaged in commerce or in the production of goods for commerce for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed."

The plaintiff was covered by the Act and the defendant did not fall within any of the exceptions stated in 29 U.S.C.A. § 207. The agreement between the plaintiff and the defendant contravened section 207(a) of the statute and did not relieve the defendant of his obligations under the Act. D. A. Schulte, Inc. v. Gangi, 1946, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114; Caserta v. Home Lines Agency, Inc., 2 Cir., 1959, 273 F.2d 943; Mitchell v. Sky Top Coal Company, Inc., D.C.E.D. Pa., 1960, 181 F.Supp. 899.

■ Any claim by the plaintiff for unpaid overtime compensation which accrued prior to April 22, 1958, is barred by the two-year limitation set forth in 29 U.S.C.A. § 255.

From April 22, 1958, to January 22, 1960, the defendant paid the plaintiff total wages in the amount of $7,851.22 computed on the basis of weekly compensation for forty hours at the regular hourly rate of $1.75 and five and one-half hours at the rate of one and one-half times the regular rate. In fact, during the stated period the plaintiff was employed by the defendant for a workweek of forty-eight hours. There were many weeks in which the plaintiff worked for the defendant in excess of forty-eight hours. The total overtime which the plaintiff worked for the defendant in excess of forty hours per week during the period above specified, and for which the defendant paid him nothing, amounted to 324 hours.

I find that the defendant is liable to the plaintiff in the amount of $852 as unpaid overtime compensation.

■ The defendant has failed to show to the satisfaction of the Court, as provided in 29 U.S.C.A. § 260, that the acts and omissions giving rise to this action were in good faith and that he had reasonable grounds for believing that his acts and omissions were not a violation of the Fair Labor Standards Act of 1938, as amended. The Court therefore awards to the plaintiff the additional amount of $852 as liquidated damages pursuant to 29 U.S.C.A. § 216(b).

■ Judgment is awarded to the plaintiff in the amount of $1,704. In

addition to such sum the Court allows a reasonable attorney's fee, to be paid by the defendant, and costs of the action. A hearing will be held to determine the amount of the attorney's fee.