475 S.E.2d 84

**Joan S. LIPSCOMB, Plaintiff Below, Appellant,**

v.

**The TUCKER COUNTY COMMISSION, Defendant Below, Appellee.**

No. 23122.

Supreme Court of Appeals of West Virginia.

Submitted May 2, 1996.

Decided July 11, 1996.

**86**

Lori M. Hood, Cooper & Preston, Parsons, for Appellant.

William M. Miller, Parsons, for Appellee.

ALBRIGHT, Justice:

Appellant, Joan Lipscomb, appeals an order of the Circuit Court of Tucker County dismissing two circuit court actions that apparently were consolidated below, based upon the court's finding that both actions were barred by statutes of limitations. Both actions sought to recover county years-of-service salary benefits that had been denied appellant. One action was an appeal from an adverse decision of the Tucker County Commission that resulted from Ms. Lipscomb's employee grievance. The other was a civil action based upon the West Virginia Wage and Payment Collection Act. The circuit court dismissed the appeal from the order of the County Commission of the County of Tucker (County Commission) because it was filed after the thirty-day limit set forth in W.Va.Code § 29A-5-4(b) (1993) for the appeal of contested cases under the Administrative Procedures Act. The circuit court also dismissed the action brought by appellant under the Wage and Payment Collection Act, W.Va. § 21-5-1, *et seq.* (1996), after holding that the applicable five-year statute of limitations provided in W.Va.Code § 55-2-6 (1994) barred her action, presumably because the action was brought more than five years after the first pay period for which appellant claims she was underpaid. We disagree and reverse and remand this consolidated action for further proceedings consistent with this opinion.

Appellant, Ms. Lipscomb, asserts that she was a full-time employee of the County Commission from 1976 until 1987, and again from 1989 until the present, and that between 1987 and 1989 she was a part-time employee. The record indicates that from 1976 until 1983 appellant worked for Tucker County Emergency Medical Services (EMS). It appears that in 1983 the Tucker County EMS was replaced by the Tucker County Ambulance Authority, and appellant continued her employment with the new authority until at least 1987.

On the record, we cannot ascertain with certainty what legal entity employed appellant during her service with the Tucker County EMS. With respect to her employment with the ambulance authority, we note that the Tucker County Commission was required by the provisions of W.Va.Code § 7-15-1, *et seq.* (1975) to provide ambulance service in Tucker County, either directly or by creating an ambulance authority and that any such an authority, if created, was designated a public corporation. However, we do find in the record copies of five separate documents entitled "Request For Verification of Employment", dated August 3, 1982, September 2, 1983, December 4, 1984, October 8, 1985, and October 6, 1986, issued by the federal Farmers Home Administration. Each such document is addressed to the "Tucker County Commission" and states that it is signed by the county clerk of the county. Each document reports that appellant, Joan S. Lipscomb, is a current employee, although we make no effort to discern the meaning of the various notations and comments found on the documents. The reports describe the beginning date of employment as December 13, 1976, December 1, 1976, December 1, 1984, and December 1, 1976.

The record also discloses that under the authority of W.Va.Code § 7-1-3dd (1987), the County Commission has created the Tucker County Wage and Hour Review Board (Review Board), which, pursuant to its statutory powers, has established a county grievance policy as part of the county personnel policy. The Tucker County Personnel Policy begins by naming the members of the "Tucker County Wage and Hour Review Board." Later in the policy, however, it states that the policy was created and established by the "Tucker County Wage and Benefits Review Board." Because the members listed appear to be the same for both boards, it is not clear whether there are two separate boards or whether one board has been referred to by two different names. Also, on February 28, 1990, the County Commission adopted a monthly wage scale for its

employees, apparently at the behest of the Review Board, that provided a longevity allowance of ten dollars per month for each year of service.

Although Ms. Lipscomb has received the years-of-service longevity adjustment for her service since 1989, she has not received any such adjustment for her employment between 1976 and 1987. In an effort to obtain the longevity pay adjustment for her earlier years of employment, appellant filed an employee grievance under the county grievance policy. Appellant submits that she followed the grievance policy of the County Commission by first discussing her complaint with her department head. She then submitted her grievance to the Review Board, although it is not clear from the record that such a step was required. Apparently, the Review Board consulted the Attorney General and decided that the years appellant worked for the Tucker County EMS were not to be counted as years of service, because the EMS was not considered an entity of the Tucker County Commission. It appears that the same rationale was applied with regard to the years appellant worked for the ambulance authority which had replaced the EMS entity, and the Review Board likewise decided that issue against appellant.

After receiving notification of the Review Board's decision, appellant submitted a letter to the County Commission, in essence appealing the denial of her grievance under the grievance policy. The County Commission conducted a hearing on October 12, 1994, and voted to uphold the decision of the Review Board. Then, on February 10, 1995, appellant undertook to appeal the County Commission's decision to the circuit court, under the asserted authority of W.Va.Code § 58–3–1(g) (1995 Cum.Sup.).[1] On the same. day,

appellant also filed a civil suit under the Wage and Payment Collection Act, W.Va. Code § 21–5–1, et seq. On April 24, 1995, the circuit court conducted a hearing on the County Commission's motion to dismiss both cases. By order dated May 30, 1995, the court concluded that appellant's administrative appeal was untimely, since it was not filed within the thirty-day limit established by the Administrative Procedures Act in W.Va.Code § 29A–5–4. In addition, the court, in apparent agreement with appellee's argument that her suit was filed six years after her cause of action accrued, found that appellant's civil action was barred by the statute of limitations.[2] Finally, the court stated that it believed the administrative action and the civil suit were mutually exclusive. It is from the court's order of May 30, 1995, that appellant now appeals.

Appellant first argues that the circuit court erred in finding that her appeal from the decision of the Tucker County Commission was not timely. Appellant asserts that her appeal was brought pursuant to W.Va.Code § 58–3–1(g), under which an appeal is timely if filed within four months of the order from which an appeal is taken. Appellant also contends that the circuit court erred in finding that her action under the West Virginia Wage and Payment Collection Act was barred by the five-year statute of limitations. Appellant asserts that the statute of limitations did not begin to run until her administrative remedies had been exhausted. Finally, appellant asserts that, even if the statute of limitations on her civil action was not tolled by the administrative proceedings, the suit was still filed within the five-year limit provided for in the Wage and Payment Collection Act.

1. West Virginia Code § 58–3–1 reads, in pertinent part: "An appeal shall lie to the circuit court of the county from the final order of the county commission in the following cases: ... (g) in any other case by law specially provided."

West Virginia Code § 58–3–4 establishes the statute of limitations applicable to W.Va.Code § 58–3–1(g):

In any case in which an appeal lies under section one [§ 58–3–1] of this article on behalf of a party to a controversy in a county court, such party may present to the circuit court of the county in which the judgment, order or

proceeding complained of was rendered, made or had, ... the petition of such party for an appeal. Such petition shall be presented within four months after such judgment, or order or proceeding was rendered, had or made and shall assign errors....

2. The court did not state its opinion as to when the cause of action commenced. However, counsel for the County Commission argued that it began in July, 1989, when Ms. Lipscomb was allegedly hired by the County Commission.

We find that appellant's grievance appeal should not have been dismissed, that she was both required to and entitled to exhaust her administrative remedies, and that she is entitled to maintain an action under the Wage and Payment Collection Act for unpaid wages, if any. Accordingly, we reverse and remand this case for further proceedings.

## STANDARD FOR REVIEW

■ As noted, this appeal arose from the circuit court's order granting the County Commission's motion to dismiss a civil action based upon the West Virginia Wage and Payment Collection Act, and an appeal from an adverse decision of the County Commission. This Court has previously held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). Today, we similarly hold that appellate review of a circuit court's order granting a motion to dismiss an appeal from a decision of a county commission is *de novo*.

## ADMINISTRATIVE APPEAL

As noted, appellant contends that her appeal was not filed under W.Va.Code § 29A–5–4(b), but rather under W.Va.Code § 58–3–1(g), which provides, in pertinent part, that "[a]n appeal shall lie to the circuit court of the county from the final order of the county commission in the following cases: . . . (g) in any other case by law specially provided." Appellant asserts, in essence, that the statute authorizing county wage and hour review boards, W.Va.Code § 7–1–3dd(e),[3] together with the grievance policy adopted by the Tucker County Wage and Hour Review Board,[4] create for her a "case by law specially provided". Therefore, appellant argues, her appeal was timely filed within the four-month period of limitations applicable to appeals under W.Va.Code § 58–3–1. Appellee responds that W.Va. 29A–5–4 is specific and jurisdictional, and it gives an aggrieved party thirty days to appeal any decision. Therefore, appellee contends, because appellant failed to appeal within thirty days, the court was correct in dismissing her appeal.

■ We find that neither W.Va.Code § 29A–5–4(b) nor § 58–3–1 apply. The administrative agencies to which Chapter 29A of the West Virginia Code apply are State boards, commissions, departments, and offices or officers, and not administrative bodies created and existing for county or other local governments. W.Va.Code § 29A–1–2. "An 'agency' within the meaning of the State Administrative Procedures Act, *W.Va.Code*, 29A–1 et seq., refers to state, not local agencies. . . ." Syl. pt. 1, in part, *Southwestern Community Action Council, Inc. v. Huntington Human Relations Commission*, 179 W.Va. 573, 371 S.E.2d 70 (1988). To the

3. West Virginia Code § 7–1–3dd states, in pertinent part:

In addition to all other powers and duties now conferred by law upon county commissions, such commissions are hereby authorized to establish employee wage and benefits review boards.

If a county commission elects to create such a board, the board shall establish uniform:

\* \* \*

(e) County-wide grievance policies, which shall be pursued to the fullest extent before any judicial remedy may be sought. . . .

4. The grievance policy, as contained in the personnel policy, reads:

Any employee who feels he/she has a grievance should discuss such grievance in full with his/her department head. If, after a reasonable period of time, employee feels the grievance still exists, he/she should submit a written statement of the grievance to his/her department head requesting that action be taken to correct the problem. If the department head still cannot or will not correct the problem the employee should file with the county commission a written statement of his/her grievance and the steps previously taken to seek a solution to the problem. After reviewing the statement of the employee the county commission shall discuss the grievance with the employee's department head in an attempt to effect a solution. In the event the county commission is unable to correct the grievance through this discussion, employee may request a formal hearing to be conducted before the county commission at a time specified by said commission and at which hearing all persons involved in the grievance shall be present and be heard. In the event the county commission is unable to correct the grievance after such formal hearing, the employee shall have the right to pursue his/her grievance under the provisions of any applicable state or federal statutes.

extent that either the Tucker County Wage and Hour Review Board or the Tucker County Commission functioned here as an administrative agency deciding a contested case, as envisioned by the court below in applying the provisions of W.Va.Code § 29A–5–1, *et seq.,* those bodies were clearly agencies of the county and not State agencies. Likewise, appellant does not identify any statute, and we find no statute, conferring jurisdiction on the circuit court to hear appeals from the County Commission in grievance cases heard under a grievance policy developed by a county wage and hour review board.

■ It is the general rule that "[a]ppellate jurisdiction is derived from the constitutional or statutory provision by which it is created, and can be acquired and exercised only in the manner prescribed." *State v. Legg,* 151 W.Va. 401, 151 S.E.2d 215 (1966) (quoting 4 Am.Jur.2d, *Appeal and Error,* § 4). The *Legg* Court was referring to the appellate jurisdiction of this Court; however, this rule is equally applicable to the circuit courts under the authority of Article VIII, § 6 of the Constitution of West Virginia, wherein certain jurisdictional authorities are enumerated and the provision is made that the "[c]ircuit courts shall also have such other jurisdiction, authority or power, original or appellate or concurrent, as may be prescribed by law." West Virginia Code § 7–1–3dd makes no mention of appeals from the actions of that body. The grievance policy developed by the Tucker County Wage and Hour Review Board provides only that after a grievance has been decided by the County Commission, "the employee shall have the right to pursue his/her grievance under the provisions of any applicable state or federal statutes". As noted, we find no statute giving jurisdiction to the circuit courts to hear appeals by employees covered by grievance policies. Specifically, neither W.Va.Code § 7–1–3dd nor the grievance procedure created under its authority for Tucker County Commission employees confers jurisdiction on the circuit courts to hear appeals from the County Commission's denial of an employee grievance.

■ We believe that jurisdiction to hear the substance of appellant's complaint against the County Commission order denying her grievance is found in the provisions of law granting jurisdiction to circuit courts to grant writs of certiorari "in every case, matter or proceeding before a county court, council of a city, town or village, justice or other inferior tribunal...." W.Va.Code § 53–3–2 (1994). This Court has held that, in exceptional circumstances, where an appeal is the proper remedy but the party seeking relief from the action of an inferior tribunal erroneously prays for a writ of certiorari, the writ may be treated as an appeal properly filed, by reason of liberality in a mere matter of procedure. *Falconer v. Simmons,* 51 W.Va. 172, 41 S.E. 193 (1902). While we do not wish to encourage any confusion between the offices of appeal and certiorari, it appears that, in view of the exceptional circumstances in the cause before us, the appeal filed below should be treated in all respects as an application for a writ of certiorari, so that the real questions at issue may be promptly adjudicated. We believe the litigants in this particular cause need not be further delayed by the procedural matter under consideration.

■ On the issue of the timeliness of an application for a writ of certiorari, we first note that West Virginia Code § 53–3–1, *et seq.,* does not provide a period of limitations. Ordinarily, in the absence of a statute providing a period of limitations for applying for a writ of certiorari, this Court has utilized the doctrine of laches; however, in determining the time for the application of the doctrine of laches, this Court has applied, by way of analogy, the statutory period for filing an appeal, absent some showing of hardship or other good cause to warrant an extension. *See Bee v. Seaman,* 36 W.Va. 381, 15 S.E. 173 (1892); and *State ex rel. Gibson v. Pizzino,* 164 W.Va. 749, 266 S.E.2d 122 (1979). As noted from appellant's argument, the time allowed for statutory appeals to the circuit court from orders of the County Commission is four months. W.Va.Code § 58–3–4 (1966). Since appellant's petition in this case was filed within four months of the entry of the County Commission order of which she complains, this Court believes that the doctrine

of laches should not bar consideration of appellant's claim.

Accordingly, the ruling of the court below, dismissing appellant's petition challenging the order of the County Commission denying her grievance, is reversed, and the cause is remanded with directions that the court grant a writ of certiorari, directed to the County Commission, to bring the record of appellant's grievance, with all related papers, to the circuit court. The court may require appellant to file such additional pleadings, in the nature of an amended and supplemental petition, as it deems necessary to properly frame the issues. On consideration of the record made on the grievance, the court may take such additional evidence as may be required or remand the matter to the County Commission for that purpose.

As we have indicated, the record before us does not establish with certainty by what legal entity the appellant was employed in the years in question. Without intending to limit the issues to be addressed, we note that other questions that may arise on remand include (1) whether the longevity pay policy, on its face, or, in the event of ambiguity, by construction, evidences an intent to compensate County Commission employees in light of longevity with all county agencies, offices, and instrumentalities, whether or not they are under the direct control and direction of the county commission; (2) whether such longevity adjustments are limited to service with the county commission only; and (3) whether the policy applies by its terms to all years of service or only continuous years of service. We recognize that such issues may give rise to questions of fact, questions of law, or mixed questions of fact and law. We remand with the expectation that the court below will proceed to the consideration of the issues ultimately framed and render, within its discretion, such rulings and judgments as will fairly dispose of appellant's claim.

## WAGE PAYMENT AND COLLECTION ACT

■ Appellee argues that appellant did not file her civil suit until six years after she was hired by the County Commission in 1989, and, therefore, she filed outside the five-year statute of limitations. Appellant argues that her civil suit was filed within the five-year statute of limitations provided by W.Va.Code § 55–2–6 for claims under oral or implied contracts, because her cause of action did not accrue until February 28, 1990, the date when the Wage and Hour Review Board adopted the monthly wage scale that provided for a years-of-service adjustment. We agree with appellant. Prior to February 20, 1990, appellant had no expectation of longevity pay, no means to measure or calculate it, and certainly no right to compel the County Commission to pay such an adjustment before it became a part of the employment contract. A statute of limitations begins to run no sooner than the date all of the elements of a cause of action entitling a party to recover in fact exist. *See Conaway v. Eastern Associated Coal Corp.* 178 W.Va. 164, 168, 358 S.E.2d 423, 427 (1986); *Greer Limestone Co. v. Nestor,* 175 W.Va. 289, 293, 332 S.E.2d 589, 593 (1985).

■ This Court believes that it is indisputable that any claim appellant had for nonpayment of the longevity pay did not accrue until such longevity pay was due to appellant under the County Commission policy. Her action for such pay could not have been brought sooner than the additional wages were payable and could then be brought at any time within the five-year period provided by the statute of limitations found in W.Va. Code § 55–2–6, unless she was prevented from doing so by some additional requirement, such as the exhaustion of administrative remedies. *See Lucas v. Moore,* 172 W.Va. 101, 303 S.E.2d 739 (1983), in which the five-year statute was applied to an action for damages under the Wage and Payment Collection Act.

■ Appellant also asserts that the County Commission's refusal to pay the benefit continues to occur with each new pay period, and thus, as to each pay period within the five years before her suit was filed, the statute of limitations would not serve as a bar. It has been well established in federal courts interpreting the Fair Labor Standards Act (FLSA) with regard to claims for overtime pay that:

Under the FLSA "a separate cause of action accrued each payday when the [employer] excluded the overtime compensation they claim ... Therefore, the statute bars their recovery of any overtime compensation due them prior to [two years before the time the petition is filed.]" *Beebe v. United States*, 226 Ct.Cl. 308, 640 F.2d 1283, 1293 (1981). *Accord Angulo v. The Levy Co.*, 568 F.Supp. 1209, 1215 (N.D.Ill.1983), *aff'd sub. nom. Flores v. Levy Co.*, 757 F.2d 806 (7th Cir.1985); *Wessling v. Carroll Gas Co.*, 266 F.Supp. 795, 801 (N.D.Iowa 1967); *Brown v. Bouchard*, 209 F.Supp. 130, 131 (D.Mass.1962); *Doyle v. United States*, 20 Cl.Ct. 495, 502–03 (1990), *aff'd*, 931 F.2d 1546 (Fed.Cir. 1991), *cert. denied*, 502 U.S. 1029, 112 S.Ct. 866, 116 L.Ed.2d 772 (1992). The "continuing claim" doctrine treats each claim for money alleged to be improperly withheld from the employee's paycheck in the same manner that any other claim would be treated under the statute of limitations. *McIntyre v. Division of Youth Rehabilitation Services*, 795 F.Supp. 668 (D.Del.1992). We similarly hold that a claim for unpaid wages under the West Virginia Wage and Payment Collection Act is a continuing claim, and, therefore, a separate cause of action accrues each payday that the employer refuses to pay the wages claimed.[5]

Appellant further asserts that the statute of limitations for her action under the West Virginia Wage Payment and Collection Act did not begin to run until her administrative remedies had been exhausted. She asserts that the administrative law doctrine of exhaustion of remedies is controlling in this case. Thus, under *State ex rel. Arnold v. Egnor* 166 W.Va. 411, 275 S.E.2d 15 (1981), appellant asserts that because there was an administrative remedy provided by the grievance procedure, she was required to exhaust that remedy before pursuing action by the courts. Appellant asserts that W.Va.Code 7–1–3dd(e) also requires that she exhaust all administrative remedies before filing suit. Consequently, appellant asserts, the statute

of limitations was tolled until she exhausted her administrative remedies. Under the holdings set forth above, it is not necessary for us to reach this issue, and we leave for another day the full exploration of the effect of such requirements in a county wage and hour policy upon the right to bring an action under W.Va.Code § 21–5–1, *et seq.*

Appellant is entitled to maintain her action for lost wages, but the determination of the appeal of the grievance will determine whether she has a cause of action. If it is determined that the longevity pay is due to her, the court below may proceed to the consideration of what remedies are available under the grievance and under the Wage Payment and Collection Act.

For the reasons assigned, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded with directions.

---

**5.** Appellant also argues, in the alternative, that even if the circuit court was correct in finding that her administrative appeal was untimely under W.Va.Code 29A–5–4 (1993), she was still

entitled to bring her civil action under the West Virginia Wage and Payment Collection Act. As noted, W.Va.Code § 29A–5–4 is inapplicable to this case.