**IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA**

**FILED**
**July 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JEWELL R. HUGHEY,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-218**     (Cir. Ct. of Kanawha Cnty. Case No. 22-C-159)

**JAMES CAGLE and CAGLE & JACKSON,**
**Defendants Below, Respondents**

**and**

**JEWELL R. HUGHEY,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-219**     (Cir. Ct. of Kanawha Cnty. Case No. 22-C-160)

**ROD JACKSON and CAGLE & JACKSON,**
**Defendants Below, Respondents**

**MEMORANDUM DECISION**

In this consolidated appeal, Petitioner Jewell R. Hughey appeals the April 27, 2023, and April 28, 2023, orders from the Circuit Court of Kanawha County. The April 27, 2023, order granted Respondents James Cagle and Cagle & Jackson's motion to dismiss the amended complaint filed in Case No. 22-C-159, and the April 28, 2023, order granted Respondents Rod Jackson and Cagle & Jackson's motion to dismiss the amended complaint filed in Case No. 22-C-160. Mr. Cagle, Mr. Jackson, and Cagle & Jackson each filed a response.[1] Ms. Hughey filed a reply. On appeal, Ms. Hughey challenges various findings of fact and conclusions of law made by the circuit court in its dismissal orders.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision, but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution in a memorandum decision.

---

[1] In both appeals, Ms. Hughey is represented by Michael D. Crim, Esq. Mr. Cagle, Mr. Jackson, and Cagle & Jackson are each represented by J. Jeaneen Legato, Esq., and Mark McMillian, Esq.

For the reasons set forth below, the circuit court's decision in Case No. 22-C-159 is affirmed and its decision in Case No. 22-C-160 is affirmed, in part, vacated, in part, and remanded to the circuit court for further proceedings.

From the outset, the parties agree that the two cases on appeal are directly linked to a 2017 civil action involving the same parties which remains pending in the Circuit Court of Kanawha County and is referenced in the circuit court's rulings presently on appeal. A brief synopsis of that case has been incorporated into this decision for contextual purposes.

Beginning in March of 2012, Ms. Hughey was contracted by Mr. Cagle and Mr. Jackson to provide paralegal services to their law firm, Cagle & Jackson. Pursuant to the parties' handwritten agreement, Ms. Hughey was to assist Cagle & Jackson in civil actions it had filed against various defendants over the distribution of controlled substances, which the parties refer to as pill mill litigation. The parties' agreement further provided, among other things, that Ms. Hughey would work forty hours per week, would be compensated at fixed weekly rate and provided a 1099-form, was entitled to bonuses based upon the attorney's fees the firm earned,[2] could perform paralegal services for others outside of Cagle & Jackson so long as it did not interfere with her work requirements under the agreement, and that the parties could terminate the agreement at any time.[3] Ms. Hughey stopped working for Cagle & Jackson five years later, in mid-January of 2017.

According to Ms. Hughey's deposition testimony, in July of 2015 she began working for an opposing law firm in one of the cases she had been hired to provide services to Cagle & Jackson. On August 3, 2017, Mr. Cagle, and the partnership of Cagle & Jackson, sued Ms. Hughey in circuit court, seeking an injunction after learning that she had reached out to other attorneys for employment regarding the pill mill litigation ("2017 Case"). It was alleged that Ms. Hughey was claiming that she "had everything that [Mr.] Cagle has" in those cases for use as her own intellectual property and was offering her professional

---

[2] While the appellate record does not show how this issue was addressed below, we would note our serious concerns about the ethical implications of the fee-sharing language in the parties' agreement in light of our Supreme Court of Appeals' holding in syllabus points 2 and 3 of *Rich v. Simoni*, 235 W. Va. 142, 772 S.E.2d 327, 328 (2015), wherein such agreements between lawyers or law firms and nonlawyers were held to be in violation of Rule 5.4 of the West Virginia Rules of Professional Conduct and void as a matter of public policy.

[3] There is also language in the agreement that if the employment continued in the future, it would be at will. However, the photocopy of the agreement in the record has a portion of that paragraph cutoff and is illegible. Nevertheless, that omission does not affect our ruling in this appeal.

services and Cagle & Jackson's information in exchange for twenty-five dollars per hour and a bonus, equal to twenty percent of recovered claims.[4]

On November 7, 2017, the circuit court granted Mr. Cagle's and Cagle & Jackson's request for a preliminary injunction against Ms. Hughey, and on March 30, 2018, they filed a petition seeking a declaratory judgment against her. Also on March 30, 2018, Ms. Hughey filed a counterclaim against Mr. Cagle and Cagle & Jackson for breach of contract, alleging she had not been paid the bonuses she was entitled to under the parties' agreement. On February 23, 2023, Ms. Hughey, through counsel, filed a motion to amend her counterclaim, wherein she sought to add Mr. Jackson as a plaintiff and counterclaim defendant, alleging claims of breach of contract, promissory estoppel, tort of outrage, fraud, and Wage Payment and Collection Act ("WPCA") claims. Following a hearing on the motion on March 3, 2023, the circuit court entered an order on April 27, 2023, denying Ms. Hughey's motion to amend.

On March 1, 2022, Ms. Hughey, pro se, filed her original complaints in Case No. 22-C-159 against Mr. Cagle and Cagle & Jackson and in Case No. 22-C-160 against Mr. Jackson and Cagle & Jackson. Ms. Hughey filed amended complaints in both cases on June 21, 2022.[5] The amended complaints set forth claims based upon breach of contract, WPCA, promissory estoppel, fraud, negligent infliction of emotional distress, civil conspiracy/joint venture, tort of outrage, punitive damages, and breach of implied duty of good faith and fair dealing (collectively "2022 Complaints"). These complaints were based on facts and circumstances surrounding the parties' agreement and the paralegal services Ms. Hughey provided to Cagle & Jackson for the pill mill litigation.

On July 8, 2022, Mr. Cagle, Mr. Jackson, and Cagle & Jackson, filed separate motions to dismiss the amended complaints pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. The circuit court heard the motions on March 3, 2023, at which time Ms. Hughey had again retained counsel.[6] By order dated April 27, 2023, the circuit

---

[4] The information Ms. Hughey allegedly possessed was on a laptop provided by Cagle & Jackson and it included, among other things: confidential business records, which were subject to a protective order and required to be destroyed after the litigation ended; work product of Cagle & Jackson's counsel in the subject litigation; work product of the Attorney General and other state agencies who were parties to the case; records of all parties that were subject to a protective order; communications between counsel; and other confidential and privileged data.

[5] It is undisputed that neither of Ms. Hughey's original complaints were served upon the parties but the amended complaints were properly served.

court granted the motion to dismiss the amended complaint in Case No. 22-C-159, and on April 28, 2023, it entered an order dismissing the amended complaint in Case No. 22-C-160.

In both orders, the circuit court determined that the 2022 Complaints were an attempt by Ms. Hughey to evade its prior rulings in the 2017 Case, including its order denying her motion to amend her counterclaim. These orders noted that while Rule 15 of the West Virginia Rules of Civil Procedure promotes courts using liberality when ruling on a motion to amend pleadings, our case law also clarifies that this Rule "does not entitle a party to be dilatory in asserting claims or to neglect [a] case for a long period of time." *State ex rel. Vedder v. Zakaib*, 217 W. Va. 528, 532, 618 S.E.2d 537, 541 (2005). On this issue, the circuit court found that these causes of action were based on the same operative facts as the 2017 Case, Ms. Hughey had six years to bring these claims but neglected to do so, and that a finding that Ms. Hughey lacked diligence in asserting her claims was supported by case law. *See Id.* at 532, 618 S.E.2d at 541 (finding a ten-month delay was sufficient lapse of time to deny a motion to amend a complaint); *see also Mauck v. City of Martinsburg*, 178 W. Va. 93, 95-96, 357 S.E.2d 775, 777-78 (1987) (finding trial court abused its discretion by permitting plaintiff to amend complaint to add a claim three and one-half years after it became available and over five years after the initial complaint was filed).

The circuit court also found that it would be highly prejudicial to permit Ms. Hughey's claims to proceed against Mr. Cagle, Mr. Jackson, or Cagle & Jackson. It noted that Ms. Hughey already has an existing breach of contract claim pending in the 2017 Case against Mr. Cagle and the partnership, and that Ms. Hughey failed to initially include Mr. Jackson as part of her counterclaim in that case. Further, Ms. Hughey could not use the 2022 Complaints to allege factually related claims that could have been raised in the 2017 Case.

The circuit court also found each claim in the amended complaint to be "fatally flawed." Specifically, the breach of contract claim was barred because it remained pending as a counterclaim in the 2017 Case. It was determined that Ms. Hughey's WPCA, promissory estoppel, and good faith and fair dealing claims were barred by the applicable five-year statute of limitations. On her WPCA claims, the circuit court also noted that Ms. Hughey made conflicting arguments regarding her status as an employee or independent contractor under the parties' agreement, and that Ms. Hughey could not maintain causes of action under both theories. Next, Ms. Hughey's tort claims of fraud, negligent infliction of emotional distress, civil conspiracy/joint venture, and tort of outrage claims were all premised on Ms. Hughey's breach of contract claim and, thus, could not be pursued in tort

---

[6] According to the circuit court's order, Ms. Hughey has employed at least four different attorneys to represent her between the 2017 Case and the two cases currently on appeal.

4

under the gist of the action doctrine. Alternatively, the circuit court found that if those causes of action survived in tort, they would be barred by the applicable two-year statute of limitations. The circuit court further determined that conspiracy was not a stand-alone cause of action, a joint venture was not a tort, the partnership of Cagle & Jackson was not a joint venture, and that punitive damages were not a cause of action. As a result, these claims were all dismissed.

The circuit court dismissed both cases with prejudice and these appeals followed. Our review of an order granting a motion to dismiss is *de novo*. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 773, 461 S.E.2d 516, 519 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss . . . is *de novo*."); *Folse v. Rollyson*, 249 W. Va. 389, ___, 895 S.E.2d 244, 248 (Ct. App. 2023) ("When reviewing a circuit court's order granting a motion to dismiss, this Court applies a *de novo* standard of review." (citations omitted)).

On appeal, Ms. Hughey does not challenge all of the circuit court's findings in each case.[7] Rather, in both cases Ms. Hughey challenges the circuit court's findings that the WPCA and fraud claims were untimely. She also challenges the circuit court's finding in Case No. 22-C-160 that she could not bring a separate civil action against Mr. Jackson. We will address these three issues separately.

Regarding her WPCA claims, Ms. Hughey asserts that below, she alternatively argued that she was an employee and not an independent contractor based upon the parties' agreement, which she believed contained both independent contractor and at-will employment language.[8] Ms. Hughey further maintained that as an employee of Mr. Cagle, Mr. Jackson, and Cagle & Jackson, she had a WPCA claim for her unpaid bonus compensation, and that her claim was not subject to the WPCA's five-year statute of limitations because pursuant to Syllabus Point 4 of *Lipscomb v. Tucker County Commission*, 197 W. Va. 84, 475 S.E.2d 84 (1996), "[a] claim for unpaid wages under the [WPCA] is a continuing claim, and . . . a separate cause of action accrues each payday that the employer refuses to pay the wages claimed." *Lipscomb*, 197 W. Va. at 85, 475 S.E.2d

---

[7] In both cases, the argument headings of Ms. Hughey's briefs do not coincide with her listed assignments of error as required by Rule 10 of our Rules of Appellate Procedure. W. Va. R. App. P. 10(c)(3) (requiring that briefs contain a list of assignments of error setting forth the issues for appellate review); W. Va. R. App. P. 10(c)(7) (requiring briefs to contain an argument section with headings that correspond to the assignment of errors and contain arguments addressing the specific assignments of error). Counsel is directed to comply with the requirements of our Rules of Appellate Procedure in all future filings with this Court.

[8] *See* n.3, *supra*.

at 85, syl. pt. 4. We disagree and find the circuit court properly determined that Ms. Hughey's claims were barred by the applicable statute of limitations.

We do not need to address whether Ms. Hughey was an independent contractor or employee in this case. *See Mountain Lodge Ass'n v. Crum & Forster Indem. Co.*, 210 W. Va. 536, 542, 558 S.E.2d 336, 342 (2001) (setting forth elements to be considered when determining if a person is an employee or independent contractor). The circuit court's order does not make this determination, Ms. Hughey does not raise this determination as an issue on appeal, and the record before us is not adequately developed on this issue. Instead, the circuit court found that if Ms. Hughey was an employee, her WPCA claims were barred by the statute of limitations.[9]

It is well-established that WPCA claims are subject to a five-year statute of limitations. *See Jones v. Tri-County Growers, Inc.*, 179 W. Va. 218, 221, 366 S.E.2d 726, 729 (1988) ("[S]uits brought under the [WPCA] are governed by the five year statute of limitations for contract actions."); *see also*, Syllabus, *Western v. Buffalo Min. Co.*, 162 W. Va. 543, 251 S.E.2d 501 (1979) ("A suit by employees for recovery of money allegedly obtained under a wage assignment that violates W. Va. Code [§] 21-5-3, is one based on contract and the five-year statute of limitations provided for in W. Va. Code [§] 55-2-6, is applicable."); *Lucas v. Moore*, 172 W. Va. 101, 102, 303 S.E.2d 739, 741 (1983) (finding the five-year statute of limitations applies to WPCA claims); *Nicewarner v. City of Morgantown*, 249 W. Va. 120, __, 894 S.E.2d 902, 910-911 (2023) (recognizing that WPCA claims are governed by the five-year statute of limitation found in West Virginia Code § 55-2-6). While Ms. Hughey asserts that her WPCA claim is a continuing cause of action under *Lipscomb* which is not barred by the statute of limitations, we find that case to be the exception rather than the rule, and that it is distinguishable from the matter sub judice.

In *Lipscomb*, a current employee filed a WPCA action in February of 1995 against her county employer over non-payment of longevity pay, which was six years after she was hired in 1989, and the circuit court dismissed the case as time barred by the five-year statute of limitations. *Lipscomb*, 197 W. Va. at 86-90, 475 S.E.2d at 86-90. However, the Supreme Court of Appeals found that her claim was not barred by the statute of limitations because her cause of action did not accrue until February of 1990 when the county adopted its longevity pay policy; therefore, the employee had no expectation of longevity pay before the policy was adopted and became part of her employment contract. *Id.* Further, as a current employee, she had a continuing and separate cause of action for each payday her wages went unpaid by her county employer. *Id.* at 90-91, 475 S.E.2d at 90-91.

---

[9] Obviously, if Ms. Hughey were determined to be an independent contractor, her WPCA claim would have been moot. W. Va. Code § 21-5-1(b) (2021) (excluding independent contractor(s) from the definition of the terms *employee* or *employees* under the WPCA).

Compared to the present case, there are two notable distinctions. First, the *Lipscomb* employee was still employed by her employer while her WPCA claim was being litigated. Conversely, Ms. Hughey's employment terminated in January of 2017, which was well before she raised her WPCA claims in the 2022 Complaints. Second, the *Lipscomb* employee was found to have a continuing claim under the WPCA because as a current employee, she was still subject to regularly scheduled paydays from her employer wherein her unpaid compensation could have been included as part of her gross pay. In contrast, Ms. Hughey was no longer an employee and, thus, not subject to Cagle & Jackson's employee pay schedule.

"A statute of limitations begins to run no sooner than the date all of the elements of a cause of action entitling a party to recovery in fact exist." *Lipscomb*, 197 W. Va. at 90, 475 S.E.2d at 90 (citations omitted). Here, it is undisputed that Ms. Hughey left her subject employment in mid-January of 2017; so, at the latest, her last scheduled employee payday from Cagle & Jackson would have been in early February of 2017. As such, Ms. Hughey's WPCA claims accrued and the five-year statute of limitations began to run no later than February of 2017 and expired in February of 2022. Therefore, the circuit properly found Ms. Hughey's WPCA claims against Mr. Cagle, Mr. Jackson, and Cagle & Jackson were time barred when they were filed in March of 2022.

Next, Ms. Hughey challenges the circuit court's dismissal of her fraud claim as time barred and argues that it erred by not conducting the five-step analysis set forth in Syllabus Point 5 of *Dunn v. Rockwell*, 225 W. Va. 43, 46, 689 S.E.2d 255, 258 (2009) for determining whether an action is time barred under a statute of limitations. She also argues that the circuit court failed to test the legal sufficiency of the complaint by not considering the facts in a light most favorable to her, as required by Rule 8(a) of the West Virginia Rules of Civil Procedure. We are unpersuaded by these arguments. Instead, we find the circuit court used the gist of the action doctrine as the prevalent basis for dismissing Ms. Hughey's tort claim; and notably, Ms. Hughey offers no argument to challenge that specific finding on appeal.

Application of the gist of the action doctrine is well settled, and this Court reiterated the doctrine's principles in *Maher v. Camp 4 Condominium Association, Inc.*, 249 W. Va. 433, 895 S.E.2d 836 (Ct. App. 2023), stating:

> The gist of the action doctrine bars tort actions which are premised on a breach of contract. "[U]nder the 'gist of the action' doctrine, a tort claim arising from a breach of contract may be pursued only if the action in tort would arise independent of the existence of the contract." *Gaddy Engineering Co. v. Bowles Rice McDavid Graff & Love*, 231 W. Va. 577, 586, 746 S.E.2d 568, 577 (2013) (quoting *Star v. Rosenthal*, 884 F. Supp.2d 319, 328-329 (2013)). "Whether a tort claim can coexist with a contract claim is determined by examining whether the parties' obligations are defined by

the terms of the contract." *Tri-State Petroleum Corp. v. Coyne*, 240 W. Va. 542, 555, 814 S.E.2d 205, 218 (2018) (quoting *Gaddy*, 231 W. Va. at 586, 746 S.E.2d at 577). *Tri-State Petroleum* and *Gaddy* enumerate four (4) instances when the gist of the action doctrine would preclude a concurrent tort claim: (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim. *Tri-State Petroleum* at 240 W. Va. at 555, 814 S.E.2d at 218 (quoting *Gaddy,* 231 W. Va. at 586, 746 S.E.2d, at 577).

*Maher*, 249 W. Va. at \_\_, 895 S.E.2d at 844. Further, "[a] complaint that could be construed as being either in tort or on contract will be presumed to be on contract whenever the action would be barred by the statute of limitation if construed as being in tort." Syl. Pt. 1, *Cochran v. Appalachian Power Co.*, 162 W. Va. 86, 246 S.E.2d 624, 625 (1978).

Here, we find that the fraud claims brought by Ms. Hughey in both cases are inextricably linked to the parties' employment agreement and, thus, are duplications of her breach of contract claims in those cases. For example, in the fraud counts set forth in both amended complaints, Ms. Hughey repeatedly references the parties' agreement, alleging that she entered into the contract based upon the fraud committed by Mr. Cagle and Mr. Jackson. Further, the parties' agreement is the only factual basis pled by Ms. Hughey to support her fraud claim in the amended complaints.

As previously established, Ms. Hughey could only pursue her tort claim for fraud if it had arisen independent of the existence of the parties' agreement. *Maher*, 249 W. Va. at \_\_, 895 S.E.2d at 844 (citations omitted). However, the facts of this case clearly show that Ms. Hughey's fraud claim cannot survive independently. Therefore, the circuit court properly applied the gist of the action doctrine to Ms. Hughey's fraud claims in Case Nos. 22-C-159 and 22-C-160, which disposes of this issue on appeal.

Our final consideration for this appeal is whether the circuit court erred by dismissing Ms. Hughey's breach of contract claim against Mr. Jackson in Case No. 22-C-160. On appeal, Ms. Hughey argues that she is entitled to bring a separate cause of action pursuant to our Uniform Partnership Act, West Virginia Code §§ 47B-1-1 to -11-5. Specifically, Ms. Hughey points to West Virginia Code § 47B-3-7(b) (1996), which states that "[a]n action may be brought against the partnership and any or all of the partners . . . in the same action or in separate actions." We agree with Ms. Hughey on this issue.

Below, the circuit court based its ruling on its denial of Ms. Hughey's motion to amend her counterclaim in the 2017 Case. The circuit court's ruling on this issue focused solely on its ruling in the 2017 Case and the authority of trial courts to rule on motions to

8

amend under Rule 15 of the West Virginia Rules of Civil Procedure. However, the 2017 Case remains pending and is not before this Court; moreover, Ms. Hughey's complaints in Case No. 22-C-160 were not subject to a motion to amend in the first instance, rendering Rule 15 of the West Virginia Rules of Civil Procedure inapplicable. Most critically, the circuit court offered no legal authority to support its ultimate determination that a plaintiff could not file a complaint against a defendant when a case in which that defendant is not a party is pending.

Furthermore, the arguments advanced by Mr. Jackson and Jackson & Cagle in their appellate brief are completely nonresponsive to Ms. Hughey's argument under West Virginia Code § 47B-3-7(b). Rather, they also argue, albeit unsuccessfully, that Ms. Hughey's breach of contract claim against Mr. Jackson cannot proceed because a breach of contract action already exists in the 2017 Case against Mr. Cagle and Cagle & Jackson.[10] However, this position neglects to recognize the critical fact that the 2017 Case was filed by Mr. Cagle and Cagle & Jackson against Ms. Hughey and the *only* pending counterclaim Ms. Hughey has in that action is the breach of contract claim against Mr. Cagle and Cagle & Jackson. The facts of this case clearly establish that Cagle & Jackson is a partnership, and that Mr. Jackson is a partner to the same.

While we agree that there is a breach of contract claim pending against the partnership of Cagle & Jackson in the 2017 Case, the plain language of West Virginia Code § 47B-3-7(b) permits Ms. Hughey to pursue her breach of contract claim against Mr. Jackson, individually in a separate complaint. Therefore, the circuit court erred in dismissing the breach of contract claim against Mr. Jackson individually in Case No. 22-C-160.

Accordingly, we affirm the circuit court's April 27, 2023, order dismissing of all claims set forth in the amended complaint against Mr. Cagle and Cagle & Jackson in Case No. 22-C-159. Regarding the circuit court's April 28, 2023, order on the claims against Mr. Jackson and Cagle & Jackson in Case No. 22-C-160, we affirm, in part, and vacate, in part. We vacate the circuit court's dismissal of Ms. Hughey's breach of contract claim against Mr. Jackson individually and affirm the circuit court's dismissal of all other claims set forth in the amended complaint. We remand the matter to circuit court for further proceedings, consistent with this decision.

---

[10] Alternatively, they also argue that this Court should direct the circuit court to consolidate the 2022 Complaints with the 2017 Case, similar to our Supreme Court of Appeals' ruling in *Esposito v. Mastrantoni*, No. 19-1023, 2021 WL 195288 (W. Va. Jan. 20, 2021) (memorandum decision); however, we decline to do so. This issue was not raised below or as a cross-assignment of error on appeal. It is well established that trial courts have broad authority over the judicial management of their trial dockets. Thus, consolidation is an issue to be raised with the circuit court.

9

Affirmed, in part, Vacated, in part, and Remanded.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen


Judge Daniel W. Greear, not participating