IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MARKWEST LIBERTY MIDSTREAM & RESOURCES, L.L.C., MARKWEST LIBERTY ETHANE PIPELINE, L.L.C., and MARKWEST LIBERTY NGL PIPELINE, L.L.C.,**
**Plaintiffs Below, Petitioners**

**FILED**
**October 1, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-441**          (Cir. Ct. Of Wetzel Cnty. Case No. 23-AA-1)

**THE HONORABLE SCOTT LEMLEY,**
**ASSESSOR OF WETZEL COUNTY,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioners MarkWest Liberty Midstream & Resources, L.L.C., MarkWest Liberty Ethane Pipeline, L.L.C., and MarkWest Liberty NGL Pipeline, L.L.C. (collectively "MarkWest") appeal the September 12, 2023, order of the Wetzel County Circuit Court granting Respondent Scott Lemley, Assessor of Wetzel County's (the "Assessor") motion to dismiss MarkWest's petition appealing a decision of the Wetzel County Board of Assessment Appeals ("BAA"). The Assessor filed a response.[1] MarkWest filed a reply. The issue on appeal is whether the circuit court erred by dismissing MarkWest's appeal of the BAA's decision because it lacked subject matter jurisdiction.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the lower tribunal's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

On February 11, 2022, MarkWest applied to the BAA for review of the Assessor's appraised and assessed values of certain pipeline assets owned by MarkWest assessed in 2021 for tax year 2022. After an evidentiary hearing, the BAA entered an order on June 27, 2023, affirming the Assessor's valuations (the "BAA Decision"). On July 17, 2023,

---

[1] On appeal, MarkWest is represented by Craig A. Griffith, Esq., and Alex J. Zurbuch, Esq. The Assessor is represented by Caleb B. David, Esq., and Michael D. Dunham, Esq.

MarkWest appealed the BAA Decision to the Circuit Court of Wetzel County. Upon motion of the Assessor, the circuit court entered an order dismissing the BAA Decision appeal with prejudice concluding that because MarkWest sought appellate review of an administrative order entered after June 30, 2022, the circuit court lacked subject matter jurisdiction over the appeal. The circuit court further concluded that MarkWest's appeal should have been filed with the Intermediate Court of Appeals of West Virginia (the "ICA"). MarkWest appealed the circuit court's dismissal order to this Court. The issue on appeal is whether the circuit court had subject matter jurisdiction over the appeal of the BAA Decision.[2]

MarkWest argues on appeal that (1) the circuit court erroneously concluded that the BAA was an "agency" under West Virginia Code § 51-11-4(b)(4); and that (2) the circuit court used the erroneous agency classification to conclude that jurisdiction over the appeal was with the ICA, not with the circuit court. MarkWest contends that West Virginia Code § 51-11-4(b)(4) confers appellate jurisdiction to the ICA over state agency decisions and administrative law judge decisions, not over decisions made by county commissions or county-level administrative bodies, like the BAA. MarkWest further contends that because it found the BAA was an agency under West Virginia Code § 51-11-4(b)(4), the circuit court erroneously concluded that appellate jurisdiction over the BAA Decision was with the ICA.

The Assessor argues that the language of West Virginia Code § 51-11-4 is unambiguous: if an administrative order is entered after June 30, 2022, then the ICA has appellate jurisdiction over that order. *See* West Virginia Code § 51-11-4(b)(4) (2022). MarkWest sought to appeal the BAA's Order of June 27, 2023. Because the BAA Decision was entered after June 30, 2022, appellate jurisdiction was proper in the ICA, not in the circuit court. The Assessor further contends that West Virginia Code § 11-3-25 cannot confer jurisdiction upon the circuit court, even for tax assessment year 2022, because it was repealed and as of its effective date, there was no longer a right of appeal of BAA decisions to circuit courts.

We use the same standard of review as our state's highest court: When reviewing a circuit court's order granting a motion to dismiss, this Court applies a de novo standard of review. *Savarese v. Allstate Ins. Co.,* 223 W. Va. 119, 123, 672 S.E.2d 255, 259 (2008). More specifically, "[a]ppellate review of a circuit court's order granting a motion to dismiss an appeal from a decision of a county commission is *de novo*." Syl. Pt. 1, *Lipscomb v. Tucker Cnty. Comm'n*, 197 W. Va. 84, 475 S.E.2d 84 (1996).

It is the general rule that "[a]ppellate jurisdiction is derived from the constitutional or statutory provision by which it is created, and can be acquired and exercised only in the manner prescribed." *Id.* at 89, 475 S.E.2d at 89 (1996). The Assessor argues that the

---

[2] The rulings in the BAA Decision are not at issue in this appeal.

applicable jurisdictional statute in this case is West Virginia Code § 51-11-4(b)(4), which confers jurisdiction to the ICA over "[f]inal judgments, orders, or decisions of an agency or an administrative law judge entered after June 30, 2022, heretofore appealable to the Circuit Court of Kanawha County pursuant to § 29A-5-4 or any other provision of this code." West Virginia Code § 51-11-4(b)(4) (2022).

The ICA's jurisdiction under West Virginia Code § 51-11-4(b)(4) requires that a final judgment, order, or decision from an "agency" or an "administrative law judge" must have previously been appealable to the Kanawha County Circuit Court pursuant to West Virginia Code § 29A-5-4 or other code provision. West Virginia Code § 29A-5-4 applies only to the decisions of state agencies, not county agencies, and here, the BAA is a county agency with appeal available to the circuit court. *See* Syl. Pt. 2, *Lipscomb v. Tucker Cnty. Comm'n*, 197 W. Va. 84, 475 S.E.2d 84 (1996). Since the BAA is not a state agency as contemplated by West Virginia Code § 29A-5-4 and the BAA Decision was not entered by an administrative law judge, we find that the ICA did not have jurisdiction over the appeal of the BAA Decision under West Virginia Code § 51-11-4(b)(4).

We further find that the circuit court did have jurisdiction over the appeal of the BAA Decision even though West Virginia Code § 11-3-25 was repealed prior to the BAA Decision. West Virginia Code § 11-3-25 provided the mechanism for appealing a BAA decision to that county's circuit court but was repealed in 2021, effective July 1, 2022. The repeal of West Virginia Code § 11-3-25 in 2021 created a potential jurisdictional issue for appeals from county-level entity decisions like the BAA Decision here, whereby the ICA did not have jurisdiction under West Virginia Code § 51-11-4(b)(4) and the circuit court might not have had jurisdiction under the repealed West Virginia Code § 11-3-25. However, West Virginia Code § 11-3-32(b), enacted in 2022, cleared up the potential jurisdictional issue by providing that the 2021 repeal of West Virginia Code § 11-3-25 applies beginning with assessments made for tax year 2023. Because the BAA Decision in this case related to assessments made for tax year 2022, the BAA's Decision was properly appealable to the circuit court pursuant to West Virginia Code § 11-3-25.[3]

We agree with MarkWest and find that the BAA is not an agency as contemplated in West Virginia Code § 51-11-4(b)(4), and therefore, the ICA did not have jurisdiction over the appeal of the BAA Decision. We further find that the BAA Decision was properly appealed to circuit court.

---

[3] Beginning tax year 2023, county-level personal property assessment decisions are appealed to the West Virginia Office of Tax Appeals pursuant to West Virginia Code § 11-3-25b (2023). Also, beginning tax year 2023, final decisions of the West Virginia Office of Tax Appeals are appealed to the Intermediate Court of Appeals of West Virginia pursuant to West Virginia Code §§ 11-10A-19 and 51-11-4(b)(4) (2022).

Accordingly, we reverse and remand to the Circuit Court of Wetzel County for further proceedings consistent with this decision.

Reversed and Remanded.

**ISSUED:** October 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear